**A. I. MILLS, Appellant,**

v.

**John W. RICE et al., Appellees.**

**No. 6013.**

Court of Civil Appeals of Texas.
El Paso.
March 19, 1969.

E. B. O'Quinn, Marfa, for appellant.

Howard L. Hardegree, Alpine, for appellees.

OPINION

FRASER, Chief Justice.

This is an appeal from the District Court of Presidio County, Texas. The suit was brought by John W. Rice, Individually, and National Bank of Commerce of San Antonio and Beryl Lowe Rice, as Co-Trustees of the Beryl Lowe Rice Trust, against A. I. Mills, for damages and a permanent injunction to restrain the said A. I. Mills from trespass on the property involved, known as the LaMota Rancho. The plaintiffs filed various depositions and

other documents and affidavits in support of the motion for summary judgment. The appellant filed none. The trial court granted the summary judgment, holding that there was no substantial issue of fact involved and nothing to be determined except the amount of damages. The trial for damages resulted in judgment against defendant for $350.00 actual damages. Defendant has appealed from the said action of the trial court.

Appellant's first four points of error maintain and allege that there was a genuine issue of fact to be determined, and that therefore the court was in error in granting the summary judgment. We cannot agree with this position.

It seems that Mr. Mills had been occupying the premises in question and claimed ownership to same. Plaintiffs pleaded res judicata to the claim of ownership and in support thereof pleaded the final judgment in Cause No. 13,504-C in the 96th Judicial District Court of Tarrant County, Texas, styled National Finance Credit Corporation of Texas v. LaMota Rancho, Inc., et al., and the final judgment in Cause No. 19,-644-C in the 96th Judicial District Court of Tarrant County, Texas, styled National Finance Credit Corporation of Texas v. LaMota Rancho, Inc., et al., which were final and subsisting judgments. These matters appear in the deposition of appellant, who admitted being on the lands of the plaintiffs without their consent, his claim being that of original ownership prior to the aforesaid foreclosures by the National Finance Credit Corporation of Texas and the two judgments mentioned above. Based on the deposition of Mr. Mills, the pleadings, and the affidavits attached to their motion for summary judgment, plaintiffs filed their motion for said summary judgment barring defendant from prosecuting his claim for title to the lands involved in the suit, and from making any further claim to title to said lands, and that plaintiffs have judgment against defendant for trespass, costs of suit and permanent injunction. As stated above, appellant did not file any opposing affidavits, and the court determined that except as to the amount of damages, there was no genuine issue as to any material fact, and accordingly granted the judgment.

Rule 166-A, Texas Rules of Civil Procedure, provides that a party shall be entitled to a summary judgment if the pleadings, depositions and admissions on file, together with the affidavits, show that except as to the amount of damages there is no genuine issue as to any material fact. We have no genuine issue here, as the title to these premises had been adjudicated in the Tarrant County District Court and is res judicata as applied to this lawsuit; and Rule 166-A, among other things, was promulgated for the purpose of preventing relitigation of matters that have already been litigated in a prior action between the same parties or their privies. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). It has also been held that a person opposing a motion for summary judgment may not rely solely on the issues raised by the pleadings of the parties. Harbison v. Jeffreys, Tex.Civ.App., 353 S.W.2d 65 (n. w. h.). Again we must point out and emphasize that appellant did not file any opposing affidavits or extrinsic evidence to the motion by appellees for summary judgment, and the judgment entered by the trial court reflects such failure. This type of matter is further developed and enunciated in Cinbar Engineering Co. v. Delta Leasing & Investment Corp., Tex.Civ.App., 404 S.W.2d 626 (ref. n. r. e.). Appellant's first four points are accordingly overruled.

In his fifth, sixth and seventh points appellant claims that the rendition of a summary judgment violates the rights of defendant, or deprives him of due process of law under either the Constitution of the State of Texas or the Constitution of the United States. We think these points must be overruled. Rule 166-A has been in effect for some time, and there have been a large number of cases upholding its

validity, beginning with the Gulbenkian case above cited. See also Schroeder v. Texas & Pacific Ry. Co., Tex.Civ.App., 243 S.W.2d 261 (n. w. h.). Nor does such rule, *when properly applied,* deprive a party of· his right to trial by jury. As pointed out in Wooten v. Dallas Hunting & Fishing Club, Inc., Tex.Civ.App., 427 S. W.2d 344 (n. w. h.), the right to trial by jury in Texas is not an absolute right in civil cases, but is subject to certain procedural rules. Appellant's fifth, sixth and seventh points are accordingly overruled.

Having examined the record, we feel that appellees have met their burden of showing that there was no issue of material fact except as to damages, and that the trial court acted correctly in granting them a summary judgment as a matter of law.

Appellant's points are all overruled, and the judgment of the trial court affirmed.