COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

REFUGIO A. SIAS,                                              )

                                                                              )               No.  08-02-00371-CV

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
120th District Court

ZENITH INSURANCE COMPANY,                  )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )                 
(TC# 2001-2556)

                                                                              )

 

 

MEMORANDUM   OPINION

 

This is a workers= compensation case.  Appellant Refugio A. Sias,
appearing pro se, appeals from an order granting no-evidence summary
judgment in favor of Appellee Zenith Insurance
Company.  We affirm.

FACTUAL
AND PROCEDURAL BACKGROUND








Mr. Sias was injured on the course of his employment in April
1992.  Zenith Insurance Company (AZenith@)
was the employer=s worker=s compensation carrier.  A contested case hearing was held on May 2,
2001, in which the hearing officer determined that Mr. Sias
was not entitled to lifetime income benefits (LIBs)
based either on an injury to the spine that resulted in the permanent and
complete paralysis of both legs or for total loss of use of both legs.  Mr. Sias appealed
that decision to an appeals panel of the Texas Workers=
Compensation Commission (ATWCC@), urging that he was entitled to
lifetime income benefits because he had a total loss of use of both legs due to
his compensable injury.  The Appeals
Panel affirmed the hearing officer=s
determination, holding there was sufficient evidence to support the finding
that Mr. Sias has not lost substantial use of both
legs and that the condition of Mr. Sias= legs is not such that he cannot get and
keep employment requiring the use of his legs. 


On July 9, 2001,
Mr. Sias filed suit in the 120th District Court of El
Paso County, contesting the TWCC appeals panel=s
decision that he was not entitled to lifetime income benefits.  On July 16, 2002, Zenith filed a no-evidence
motion for summary judgment.  In its
motion, Zenith alleged that there was no evidence that would entitle Mr. Sias to lifetime income benefits under the Texas Workers= Compensation Act.  Specifically, Zenith alleged that there was
no evidence that (1) Mr. Sias suffered an injury to
the spine that resulted in permanent and complete paralysis of both legs, nor
evidence that (2) Mr. Sias=
legs no longer possess any substantial utility as members of his body or that
the condition of his legs is such that he cannot get and keep employment
requiring the use of his legs.  

On July 24, 2002,
Mr. Sias filed a response to Zenith=s no-evidence motion for summary
judgment, but did not attach any summary judgment evidence to his
response.  Following a hearing, the trial
court granted Zenith=s
no-evidence motion for summary judgment, entering a final judgment in favor of
Zenith, with Mr. Sias taking nothing in this
case.  Mr. Sias
timely filed a notice of appeal on August 29, 2002.

DISCUSSION








On appeal, Mr. Sias raises three issues, contending that the trial court
erroneously granted Zenith=s
no-evidence motion for summary judgment because:  (1) there is no dispute as to the injuries he
sustained in the course and scope of his employment nor are there disputed issues
concerning medical evidence; (2) there is a right to a trial by jury for all
issues regarding compensability of the injury under the Workers= Compensation Act; and (3) under the
Texas Constitution the right to a jury trial remains inviolate in civil
cases.  

Zenith contends,
however, that the trial court properly granted summary judgment because Mr. Sias failed to produce summary judgment evidence in his
response to their 

no-evidence
motion for summary judgment.  Zenith
asserts that the trial court did not abuse its discretion because under Civil
Procedure Rule 166a(i), a
trial court must grant the no-evidence motion if the non-movant
fails to produce summary judgment evidence.

Workers= Compensation Act








Pursuant to
Section 410.301(a) of the Texas Labor Code, an aggrieved party may seek
judicial review of a decision regarding compensability or eligibility for, or
the amount of, income or death benefits under the Workers= Compensation Act.  Tex.Lab.Code Ann. ' 410.301(a) (Vernon 1996).  In such a case, a trial is limited to those
issues decided by the commission appeals panel and on which judicial review is
sought.  Tex.Lab.Code Ann. '
410.302.  Further, a party must file
pleadings which specifically set forth the determinations of the appeals panel
by which the party is aggrieved.  Id.  The disputed issues may be decided by either
a jury or bench trial, and the party appealing has the burden of proof by a
preponderance of the evidence.  See
Tex.Lab.Code Ann. ''
410.304, 410.303.  Mr. Sias is appealing a decision of the appeals panel regarding
his eligibility for lifetime income benefits, therefore in his appeal to the
district court, he was required to file pleadings which specifically described
the determination of the appeal panel for which he sought review and he bore
the burden of proof at trial with respect to the designated issues.

No-Evidence
Summary Judgment

Under Rule 166a(i), a party may move for
summary judgment if, after adequate time for discovery, there is no evidence of
one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial.  See Tex.R.Civ.P. 166a(i).  The motion must
state the elements as to which there is no evidence.  See id.  Under the no-evidence summary judgment
standard, the party with the burden of proof at trial will have the same burden
of proof in a summary judgment proceeding. 
Marsaglia v. University of Texas, El Paso, 22 S.W.3d 1, 3 (Tex.App.--El Paso 1999, pet. denied).  The trial court must grant the motion unless
the nonmovant produces summary judgment evidence
raising a genuine issue of material fact. 
Tex.R.Civ.P. 166a(i); see Saenz v. Southern Union Gas Co., 999 S.W.2d
490, 493 (Tex.App.--El Paso 1999, pet.
denied).  

A no-evidence
summary judgment is essentially a pretrial directed verdict, and we apply the
same legal sufficiency standard in reviewing a no-evidence summary judgment as
we apply in reviewing a directed verdict. 
Marsaglia, 22 S.W.3d
at 3.  A no-evidence summary
judgment is properly granted if the nonmovant fails
to bring forth more than a scintilla of probative evidence to raise a genuine
issue of material fact as to an essential element on which the nonmovant would have the burden at trial.  See id. at
4.  Although the non-moving party is not
required to marshal its proof, it must present evidence that raises a genuine
issue of fact on the challenged elements. 
See Saenz, 999 S.W.2d at 493-94.








To be eligible for
lifetime income benefits, Mr. Sias had the burden in
the district court to establish by a preponderance of evidence that either (1)
he suffered an injury to the spine that resulted in permanent and complete
paralysis of both legs, or (2) that his legs no longer possess any substantial
utility as members of his body or that the condition of his legs is such that
he cannot get and keep employment requiring the use of his legs.[1]  In its no-evidence motion for summary
judgment, Zenith asserted that no evidence existed to show that Mr. Sias suffered an injury to the spine that resulted in permanent
and complete paralysis of both legs, nor was there evidence that Mr. Sias=
legs no longer possess any substantial utility as members of his body or that
the condition of his legs is such that he cannot get and keep employment
requiring the use of his legs under the Atotal
loss of use@
theory.  








In his filed response
to the motion for summary judgment, Mr. Sias stated
that he has total loss of use of his legs from a blow to the spine and suffers
with neurological deficits to the upper and lower back with weakness and pain
extending and affecting the lower extremities. 
Mr. Sias alleged that the voice recording
from the contested case hearing would prove his statement.  To demonstrate that there was evidence
raising an issue of fact, Mr. Sias referred the trial
court to case law, statutory provisions, and to a voice recording from the
contested hearing, in which his doctor allegedly stated medical evidence of his
condition that showed his injuries were permanent and total within the meaning
of the Texas Workers=
Compensation Act.  There is nothing in
the record to indicate that Mr. Sias attached any
summary judgment evidence to support his claims nor
does the record show that the evidence referred to in his response was before
the trial court at the time the response was submitted.  








In Issue One, Mr. Sias asserts that the trial court erroneously granted
no-evidence summary judgment because there was no dispute that his injuries
were sustained in the course and scope of his employment nor
were there disputed issues concerning medical evidence.  Mr. Sias
directs this Court=s
attention to the original petition he filed in the district court, which states
the injuries he sustained, the final decision from the commission appeals
panel, and the amount in controversy. 
Mr. Sias argues that the only issue before the
trial court was Awhat are the requirements in order to qualify for (LIBS).@ 
We disagree.  As discussed above,
the Workers=
Compensation Act permits a party to seek judicial review of the commission
appeals panel=s
decision regarding compensability or eligibility for lifetime income
benefits.  See Tex.Lab.Code Ann. '
410.301(a).  By challenging the appeals
panel=s
determinations as to the sufficiency of evidence to support the hearing officer=s finding of ineligibility, Mr. Sias sought judicial review on the limited issue of whether
there was evidence to show that Mr. Sias indeed met
the eligibility requirements for lifetime income benefits.  Pleadings alone do not constitute summary
judgment evidence.  See Hidalgo v.
Surety Savings & Loan Ass=n,
462 S.W.2d 540, 545 (Tex. 1971); Feazell v.
Mesa Airlines, Inc., 917 S.W.2d 895, 898 (Tex.App.--Fort
Worth 1996, writ denied); Mills v. Rice, 441 S.W.2d 290, 291 (Tex.Civ.App.--El Paso 1969, no writ).  As the nonmovant
with the burden of proof at trial, Mr. Sias had to
present more than a scintilla of probative evidence in order for the trial
court to deny Zenith=s
no-evidence motion.  See Marsaglia, 22 S.W.3d at 4.  While Mr. Sias
claims that the medical evidence of his injury was not the Aissue@
per se, Mr. Sias should have presented this sort of
evidence to the trial court as proof of his claim that his injuries were such
that he was entitled to lifetime income benefits under the Workers= Compensation Act. 

Within Issue One,
Mr. Sias also asserts that Civil Procedure Rule 166a(i) conflicts with Texas Labor Code '
410.302, Limitation of Issues, because judicial review is limited only to those
Aissues@
preserved for appeal by proper presentation at each stage of the administrative
review process.  Mr. Sias
contends that the relevant issue was whether he has to have total and permanent
incapacity to qualify for lifetime income benefits.  While we observe that Mr. Sias
argued in his original petition that as a matter of law, Atotal loss of use@ for purposes of Section 408.161(a)(2)
of the Texas Labor Code and Atotal
incapacity@ under
its precedent, Section 10, art. 8306 are substantially the same, Mr. Sias still had the burden to present evidence that he was
eligible for recovery under the theory of Aloss
of use@ he
asserted was in dispute.  Although
Section 410.305(a) of the Code provides that the subchapter of the Act
pertaining to judicial review controls to the extent that there is a conflict
with the Rules of Civil Procedure, Mr. Sias has
failed to show that there is such conflict in this case.  See Tex.Lab.Code Ann. ' 410.305(a).  We overrule Issue One in its entirety. 








In Issue Two, Mr. Sias argues that there is a right to a trial by jury for
all issues regarding compensability of the injury under the Workers= Compensation Act.  Mr. Sias also
asserts that when all steps required in the administrative process are
fulfilled, as a matter of law there can be no summary judgments in workers
compensation cases.  It is settled law
that in Texas the summary judgment procedure is available in a workers= compensation suit.  See Bullock v. Texas
Employers Ins. Ass=n, 254 S.W.2d 554, 556 (Tex.Civ.App.--Dallas
1952, writ ref=d); Fowler v. Texas Employers= Ins. Ass=n, 237 S.W.2d 373, 375 (Tex.Civ.App.--Fort
Worth 1951, writ ref=d); St. Paul Ins. Co. v. Mefford, 994 S.W.2d 715, 718 (Tex.App.--Dallas
1999, pet. denied). 
Mr. Sias points to no authorities that
contradict this general statement of the law or otherwise support his
contentions.  Issue Two is overruled.

In Issue Three,
Mr. Sias argues that the right to a jury trial
remains inviolate in civil cases under the Texas Constitution.  In effect, Mr. Sias
is alleging that the trial court denied him his right to a jury trial when it
granted Zenith=s motion
for summary judgment.  The Texas
Constitution provides, AThe right of trial by jury shall remain inviolate.@ 
Tex.Const. art. I, ' 15.  The right to a jury trial in civil cases is
not absolute, but rather is subject to certain procedural rules.  Lattrell
v. Chrysler Corp., 79 S.W.3d 141, 150 (Tex.App.--Texarkana
2002, pet. denied); Mills, 441 S.W.2d at 292.  See also Green v. W.E.
Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968).  The function of a summary judgment is not to
deprive litigants of a jury trial on the merits of any genuine issue of
fact.  See St. Paul Ins. Co., 994 S.W.2d at 718. 
When a party cannot show a material fact issue, there is nothing to
submit to a jury, and the grant of summary judgment to the opposing party does
not violate the constitutional right to a jury trial.  Lattrell, 79 S.W.3d at 150.

In the present
case, Mr. Sias failed to present summary judgment
evidence to show that there was more than a scintilla of evidence to raise a
genuine issue of material fact as to an essential element of his claim for
which he would have the burden of proof at trial.  Tex.R.Civ.P.
166a(i).  Therefore the trial court did not deny Mr. Sias his right to a jury trial.  Issue Three is overruled.

Given that Mr. Sias failed to produce summary judgment evidence in
response to Zenith=s
no-evidence motion for summary judgment, the trial court properly granted
no-evidence summary judgment in favor of Zenith.  See Tex.R.Civ.P. 166a(i); Marsaglia, 22 S.W.3d
at 5.








We affirm the
judgment of the trial court.

 

 

May
22, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.











[1]
We observe that in his brief, Mr. Sias asserts that
he did not claim to be eligible for lifetime income benefits as a result of
permanent and complete paralysis of both legs from his spinal injury.  However, the TWCC appeals panel decision
addressed Mr. Sias=
eligibility under Section 408.161(a)(5)(requiring that
a spinal injury result in complete paralysis of both legs) and under Section
408.161(a)(2) and (b)(requiring Atotal
loss of use@ of both
feet at or above the ankle).  There seems
to be no dispute that the appeals panel=s
determination as to Mr. Sias=
Atotal loss of use@ theory of recovery was before the
district court for judicial review.