

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-00483-CV
_____

ALCARIO ALVARADO, APPELLANT

V.

JOHNNY BOYLES AND THE LUBBOCK HEALTH CARE CENTER, APPELLEES

On Appeal from the 237ᵗʰ District Court
Lubbock County, Texas
Trial Court No. 2011-557,282, Honorable Leslie Hatch, Presiding

May 17, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Alcario Alvarado through his sister Lucy Hernandez ("Alvarado") appeals, pro se, a summary judgment granted in favor of Johnny Boyles and the Lubbock Health Care Center. In granting the summary judgment, the trial court denied Alvarado recovery against Boyles and Lubbock Health Care for the third time in three separate suits. Alvarado had commenced each suit by filing the same complaint against the same defendants. The identical complaint was also filed against the same defendants in federal court, which court dismissed it for want of jurisdiction. Furthermore, the trial

court found Alvarado to be a vexatious litigant when it granted Boyles and Lubbock Health Care summary judgment for the second time in August of 2010 and the third time below.

Alvarado's brief is rather incomprehensible but can be read as questioning the trial court's authority to grant summary judgment, find him to be a vexatious litigant, and deny him appointed counsel. We affirm.

First, assuming *arguendo* that legal counsel may be appointed to represent an indigent's interests in a civil proceeding, *see* TEX. GOV'T CODE ANN. § 24.016 (West 2004) (describing when counsel may be appointed in a civil matter), it is encumbent upon the litigant to request one. We know of no obligation upon the trial court to foist legal counsel upon an indigent *sua sponte*, nor did Alvarado cite us to any such authority. This is of import because we found no request by Alvarado for the appointment of counsel. Having failed to ask for an attorney, Alvarado cannot fault the trial court for not giving him one.

Second, and to the extent he suggests that granting summary judgment denied him due process because he was denied his "day in court," rules providing for summary judgment are not unconstitutional. *Swafford v. Holman*, 446 S.W.2d 75, 80 (Tex. Civ. App.–Dallas 1969, writ ref'd n.r.e.). When applied correctly, they afford litigants notice of the issues and opportunity to be heard. More importantly, a jury is not needed to satisfy due process requirements when there are no material issues of fact necessitating adjudication. *See Sias v. Zenith Ins. Co.*, No. 08-02-00371-CV, 2003 Tex. App. LEXIS 4388, at *12-13 (Tex. App.–El Paso May 22, 2003, pet. denied) (mem. op.) (stating that "[t]he right to a jury trial in civil cases is not absolute, but rather is subject to certain procedural rules. [Citations omitted]. The function of a summary judgment is

2

not to deprive litigants of a jury trial on the merits of any genuine issue of fact. [Citation omitted]. When a party cannot show a material fact issue, there is nothing to submit to a jury, and the grant of summary judgment to the opposing party does not violate the constitutional right to a jury trial"); *Mills v. Rice*, 441 S.W.2d 290, 292 (Tex. Civ. App.–El Paso 1969, no writ) (stating that "[n]or does such rule [Rule 166a], when properly applied, deprive a party of his right to trial by jury . . . . the right to trial by jury in Texas is not an absolute right in civil cases, but is subject to certain procedural rules"). Here, Alvarado does not contend that anyone deviated from Rule 166a of the Texas Rules of Civil Procedure.

Nor does he purport to show that there existed any material issue of fact regarding application of res judicata here. That was one ground upon which summary judgment was sought. And, given the identity between parties and claims depicted in each of the three petitions filed in each of the three lawsuits, we find no basis to reverse the trial court's summary judgment.

Third, a court may find a plaintiff to be vexatious if there is no reasonable probability that the plaintiff will prevail, and the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts. TEX. CIV. PRAC. & REM. CODE § 11.054(3) (West 2002). The record here satisfies those requirements, and Alvarado cites us to neither record excerpts, argument, nor authority suggesting otherwise.

Finally, Boyles and Lubbock Health Care argue that they "are entitled to damages for the cost of responding to this appeal since it is frivolous and being used as a weapon in this instance to waste Appellees' and this Court's time and resources." What those damages are, if any, and their amount went unmentioned. Moreover, the

3

law will not mandate a useless act. *City of Gladewater v. Pike,* 727 S.W.2d 514, 518 (Tex. 1987). Having already been monetarily sanctioned by the trial court, Alvarado (who is indigent and allegedly suffering from mental health issues) is unlikely to be influenced by further monetary assessments. Nor have we been provided authority suggesting that those who may lack mental capacity (that is, Alvarado apparently lacks the ability to act for himself since a third party is acting on his behalf here) may be subjected to sanctions. Our system of justice tends not to penalize those who lack the *mens rea* to act.

Accordingly, the judgment is affirmed.


Per Curiam

4