Owen G. WEAVER and Johnnie
N. Weaver, Petitioners,

v.

SOUTHWEST NATIONAL
BANK, Respondent.

No. D–0852.

Supreme Court of Texas.

June 5, 1991.

Rehearing Overruled Sept. 11, 1991.

Jerry D. Porter, Austin, for petitioners.

Mark S. Cruzcosa, Robert E. Black, Austin, for respondent.

## PER CURIAM.

Southwest National Bank brought suit against Owen and Johnnie Weaver to recover a deficiency judgment following the nonjudicial foreclosure sale of two fourplexes. The Weavers counterclaimed, alleging breach of contract, fraud, negligence, breach of fiduciary duty, and violations of the Texas Deceptive Trade Practices Act by the bank. Trial was before a jury, which found that $113,526.46 was still owed to the bank. The jury also found that Southwest had materially breached its obligations under the notes, renewals, and deeds of trust; that Southwest failed to act in good faith; and that Southwest's failure to act in good faith was the proximate cause of damages to the Weavers. The trial court entered judgment in favor of Southwest, disregarding the adverse jury findings.

The Weavers appealed, presenting five points of error in their brief to the court of appeals. The brief submitted to the court of appeals consists of a preliminary statement of the case, a section entitled "Fact Statement," and a section containing each of the five points of error, with the argument and authorities supporting each point set forth thereunder. The "Fact Statement" section includes all facts relied upon for the appeal, with references to the pages in the record where each of the facts can be found. The Weavers did not restate under each point of error, the facts and record references contained in the "Fact Statement."

The court of appeals considered the merits of only one of the Weavers' five points of error, on the basis that the Weavers' brief was inadequate under Rule 74(f) of the Texas Rules of Appellate Procedure. The court overruled the one point of error considered on the merits, found that the Weavers waived a second point because of inadequate briefing, and, based upon its disposition of the first two points of error, refused to consider the remaining points. Within fifteen days of the issuance of the court of appeals' opinion, the Weavers filed a motion for leave to file an amended brief and tendered an amended brief to the court of appeals. The court denied the Weavers' request for leave to file the amended brief. The Weavers filed a motion for rehearing in the court of appeals, and that motion was denied as well.

Rule 74(f) of the Texas Rules of Appellate Procedure provides that an appellant's argument shall include:

(1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and

(2) such discussion of the facts and authorities relied upon as may be requisite to maintain the point at issue.

Subsection (p) of Rule 74 states that the briefing rules are to be construed liberally and that substantial compliance with the rules will suffice in the interests of justice. Tex.R.App.P. 74(p). In the case of a flagrant violation of the briefing rules, the court may require the party to rebrief. *Id.*

The brief the Weavers filed in the court of appeals contains all points of error relied upon, argument and authorities under each point of error, and all facts relied upon for the appeal with references to the pages in the record where those facts can be found. The only "inadequacy" of the brief is the Weavers' failure to restate the facts and record references under each point of error.

A majority of the court concludes that the Weavers complied with the briefing requirements of Rule 74(f) of the Texas Rules of Appellate Procedure. Therefore, we grant petitioner's application for writ of error, and, without oral argument, reverse the judgment of the court of appeals and remand for consideration of the four points

of error that the court of appeals has not considered on the merits.