Tabitha **LATTRELL**, Appellant,

v.

**CHRYSLER CORPORATION and Bonham Chrysler, Appellees.**

No. 06–00–00074–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 18, 2001.

Decided May 21, 2002.

Rehearing Overruled July 16, 2002.

**144**

Benton Musslewhite, Houston, for appellant.

Marnie A. McCormick, Clark, Thomas & Winters, PC, Austin, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Tabitha Lattrell appeals from an order granting a no-evidence summary judgment in favor of DaimlerChrysler Corporation and Bonham Chrysler (together, "Chrysler") in Lattrell's personal injury suit alleging she was injured when an air bag in her car failed to deploy.[1] Lattrell contends the trial court erred in (1) failing to grant her Motion to Reconsider and for New Trial because the trial court was unaware of her response and affidavits opposing summary judgment; (2) granting summary judgment because she did not have adequate time to conduct discovery; and (3) granting summary judgment because her summary judgment response and affidavits raised fact issues precluding summary judgment. She also contends Tex.R. Civ. P. 166a, as written and applied, violates her rights under various provisions of the Texas Constitution.

On March 24, 1995, Lattrell was involved in an automobile collision. Almost two years after the collision, on March 3, 1997, Lattrell sued Chrysler Corporation and Bonham Chrysler. She alleged violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA) and design defect theories based on strict liability. On April 19, 1999, over two years after Lattrell filed her lawsuit and four years after the collision, Chrysler filed a No Evidence Motion for Summary Judgment, alleging that (1) Lattrell had not pleaded a legally viable cause of action under the DTPA, and (2) after an adequate time for discovery, Lattrell had no evidence of three elements of her design defect claim.

On May 21, 1999, Lattrell filed a response with three affidavits attached. In her response, she alleged (1) she had not had adequate opportunity to conduct discovery because her lawyer had been busy with other cases; (2) the attached affidavits raised fact issues precluding summary judgment; and (3) the trial court would violate the due process, open courts, and jury trial provisions of the Texas Constitution if it granted summary judgment. Her response contained no response to Chrysler's allegation that Lattrell had not pleaded a legally viable cause of action under the DTPA.

On September 15, 1999, the trial court signed an Agreed Docket Control Order stating that all discovery, with the exception of expert depositions, shall be completed by October 15, 1999. After the close of discovery, on October 21, 1999, Chrysler renewed its motion for summary judgment and filed additional documentation in support of the motion. The additional material documented Lattrell's repeated failure to produce her experts for

---

1. In her original petition, the plaintiff's name is spelled "Lattrell" and "Littrell." Because the trial court's Order Granting Defendants' Motion for Summary Judgment refers to Tabitha Lattrell, we refer to the appellant as Lattrell.

deposition, despite numerous agreed deposition dates and Rule 11 agreements. The documentation shows Chrysler finally took certificates of nonappearance when Lattrell's two experts failed to appear for their separately scheduled depositions.[2]

Chrysler's renewed motion for summary judgment was set for a hearing on December 16, 1999. Lattrell obtained a continuance. The hearing was reset for January 28, 2000. Lattrell obtained another continuance. The hearing was reset for February 10, 2000. Though Lattrell sought yet another continuance, the trial court denied her motion and proceeded to grant Chrysler's motion without stating the basis for its order. Although there is no record of this hearing, Lattrell and Chrysler aver in later filings that counsel for both sides were either unaware of or had forgotten that Lattrell had filed a response to the summary judgment motion some eight months earlier. Lattrell's own counsel at the hearing was unable to advise the trial court whether a response had been filed.[3]

Lattrell moved for reconsideration of the trial court's order granting summary judgment, and Chrysler filed a response. The trial court conducted a hearing from which there is no record; the motion was overruled by operation of law on April 25, 2000.

### DTPA Claim

Chrysler moved for summary judgment on Lattrell's DTPA claim on the ground that Lattrell presented no evidence of an actionable DTPA claim. At oral argument, Latrell conceded the DTPA claim. Summary judgment was therefore appropriate on Lattrell's DTPA claim.

### Design Defect Claim

■ Lattrell contends Tex.R. Civ. P. 1, fundamental fairness, and justice require reversal with remand for a hearing on her summary judgment motion in light of the fact that at the hearing on the motion for summary judgment, the trial court was unaware of the response and affidavits she filed in opposition to Chrysler's summary judgment motion.[4]

The summary judgment order states the trial court considered the pleadings on file in deciding Chrysler's motion. Lattrell's response with attached affidavits was on file when the trial court signed its order. Therefore, Chrysler contends, this court should not look beyond the recitation in the order to speculate as to whether the trial court considered Lattrell's response and affidavits. Chrysler cites *Frazier v. Yu*, 987 S.W.2d 607 (Tex.App.-Fort Worth 1999, pet. denied), in support of its position.

We read *Frazier* as standing for two propositions: (1) docket notations will not serve to impeach contrary recitations in a trial court's judgment, and (2) when a movant objects to the nonmovant's affidavits, and the trial court grants a no-evidence summary judgment stating that it has viewed all competent summary judgment evidence, the inference is that the trial

---

2. While the renewed motion for summary judgment was pending, Chrysler moved to sanction Lattrell for failing to produce her experts for deposition. Lattrell never filed a response to the Motion for Sanctions.

3. Lead counsel, Benton Musselwhite, was not present at the summary judgment hearing. At Musselwhite's request, Lattrell was represented at the hearing by David Line, an attorney not associated with Musselwhite's firm.

4. Tex.R. Civ. P. 1 states

The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

court implicitly sustained the movant's objections to the affidavits. *Id.* at 610–11. *But see Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 317 (Tex.App.-San Antonio 2000, no pet.) (holding that a ruling on a motion for summary judgment does not imply a ruling on the movant's objection to the nonmovant's summary judgment proof).

Here, the recitation is not contradicted by docket notations, but rather by the admissions of both Lattrell and Chrysler that the trial court was misinformed by counsel at the summary judgment hearing. Moreover, although Chrysler's reply to Lattrell's summary judgment response pointed out a number of alleged deficiencies in the affidavit of Lattrell's expert, Chrysler made no motion to strike the affidavit. Therefore, *Frazier* does not prevent us from examining the record to address Lattrell's contention that the trial court did not consider her response and affidavits.

We conclude, however, the record dispels any doubt as to whether the trial court considered Lattrell's response and attached affidavits. The record shows that in response to the trial court's order granting summary judgment, Lattrell filed a motion to reconsider in which she brought to the trial court's attention the previously filed summary judgment response and attached affidavits. Chrysler's response to Lattrell's motion confirmed that counsel present at the hearing mistakenly thought Lattrell had filed no response. The trial court held a hearing on Lattrell's motion and both parties appeared. We have no record of this hearing. Following the hearing, the trial court did not change its ruling on the summary judgment motion; the motion for reconsideration was eventually overruled by operation of law. The record thus shows the trial court declined to change the order even after having an opportunity to review Lattrell's response and attached affidavits and asked to reconsider.

Further, at oral argument Lattrell conceded that because the trial court was aware of her response and affidavits at the hearing on her motion to reconsider, it must have considered her response and affidavits in ruling on the motion for summary judgment, or in allowing her motion to reconsider to be overruled by operation of law.

■■■ Lattrell next contends the summary judgment was premature because she did not have adequate time to conduct discovery. Texas Rule of Civil Procedure 166a(i) states that summary judgment is proper only after the parties have had adequate time for discovery. The rule does not require that discovery be complete, only that adequate time for discovery have passed. *In re Mohawk Rubber Co.,* 982 S.W.2d 494, 498 (Tex.App.-Texarkana 1998, no pet.). When a party contends it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. TEX.R. CIV. P. 166a(g); *Tenneco, Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex.1996); *Green v. City of Friendswood,* 22 S.W.3d 588, 594 (Tex.App.-Houston [14th Dist.] 2000, pet. denied).

Lattrell observes she filed a verified motion for a continuance of the February 10 hearing on Chrysler's motion for summary judgment. The motion states that Lattrell's attorney would not be able to attend the hearing because of another trial setting. The motion also claims Lattrell's attorney had been prevented, by work on other pending cases, "from preparing the Plaintiff's affidavits and other written responses to the Defendants' pending motions," a rather dubious contention given

that Lattrell filed a response with supporting affidavits nearly nine months earlier.

Chrysler contends the motion for continuance was insufficient to put the trial court on notice that she needed more time for discovery. Even if Lattrell's motion for continuance was sufficient, however, the trial court did not abuse its discretion in overruling it.

The record reflects Lattrell continuously and systematically frustrated Chrysler's efforts to conduct discovery, while conducting virtually no discovery of her own during the two years between filing suit and being served with Chrysler's no-evidence motion for summary judgment. The record shows Lattrell refused to answer even a single interrogatory or request for production during the first year of the case. Then, when forced to provide discovery by Chrysler's motions to compel and to dismiss for want of prosecution, she raised numerous frivolous, untimely objections that she was eventually forced to withdraw. She cancelled and rescheduled her own deposition and those of her experts numerous times. Chrysler finally took Certificates of Non Appearance for the experts, and Lattrell was never deposed. Lattrell also violated Rule 11 agreements, failed to sign authorizations until a year and a half after they were due, and obtained numerous continuances. She made numerous misrepresentations to the trial court with regard to her failure to participate fairly in the discovery process.

During the two years after she filed suit, the extent of Lattrell's discovery efforts included a set of Tex.R. Civ. P. 194 disclosure requests, with which Chrysler timely complied, and requests to depose the company representative with the most knowledge about the air bag. The parties agreed a company representative would be deposed after Lattrell's deposition, but Lattrell was never presented for deposition (despite being noticed several times). Lattrell abandoned all efforts at discovery some six months prior to Chrysler's no-evidence motion for summary judgment.

Further, the trial court had already granted Lattrell's two previous motions for continuance, and Lattrell had already filed a response with supporting affidavits almost nine months before. Under these circumstances, the trial court did not abuse its discretion in overruling Lattrell's motion for continuance.

■ Lattrell next contends the trial court erred in granting a no-evidence summary judgment because her summary judgment response and affidavits presented some evidence of the challenged elements of her design defect claim. When a no-evidence motion is presented under Rule 166a(i) the movant does not bear the burden of establishing each element of its own claim or defense as under subparagraph (a) or (b). *Garrett v. L.P. McCuistion Cmty. Hosp.*, 30 S.W.3d 653, 655 (Tex. App.-Texarkana 2000, no pet.). Rather, although the nonmoving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements of the claims on which the nonmovant would have the burden of proof at trial. *Id.*

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. *Id.* We consider all the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.* A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable

reasonable and fair-minded people to differ in their conclusions. *Id.* Because the trial court's order does not specify the ground or grounds on which the summary judgment was granted, we affirm if any of the theories advanced in the summary judgment motion is meritorious. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995).

To prevail on her design defect theory, Lattrell had the burden of proving: (1) the air bag was defectively designed when sold; (2) the air bag was unreasonably dangerous (weighing the risk and utility) to her; (3) the air bag reached her without substantial change in the condition in which it was sold; (4) the defective and unreasonably dangerous condition of the air bag caused physical harm to her; (5) there was a safer, feasible alternative design; and (6) the defect was a producing cause of her injury. *Jaimes v. Fiesta Mart, Inc.*, 21 S.W.3d 301, 306 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In its motion for summary judgment, Chrysler alleged Lattrell had no-evidence of three elements of her claim: (1) that the air bag was defectively designed when sold; (2) that there was a safer, feasible alternative design; and (3) that the alleged defect was a producing cause of her injury.

■ At oral argument, Lattrell contended that proof of a safer, feasible alternative design is not a required element of her design defect claim. Specifically, she contends this element became part of a design defect cause of action in 1997, after the accident giving rise to her claim.

The requirement that the plaintiff prove there was a safer, feasible alternative design is found in Tex. Civ. Prac. & Rem.Code Ann. § 82.005 (Vernon 1997). That provision became effective on September 1, 1993, and applied to a cause of action that accrued on or after that date. Act of Feb. 23, 1993, 73rd Leg., R.S., ch. 5, §§ 3–4,

1993 Tex. Gen. Laws 13, 15. The collision in the present case occurred on March 24, 1995; therefore, Lattrell's cause of action is governed by Section 82.005.

Lattrell cites *Sipes v. Gen. Motors Corp.*, 946 S.W.2d 143, 156 n. 8 (Tex.App.-Texarkana 1997, writ denied), but *Sipes* does not support her argument. In *Sipes* we noted that Section 82.005 did not apply because it did not take effect until shortly after the collision in the *Sipes* case, but the opinion does not state the date of the collision. The provision in question took effect on September 1, 1993, before the collision in the present case. Prior to the enactment of this new section, the statute required a balancing or risk versus utility test. *See* 2 J. Hadley Edgar, Jr. & James B. Sales, Texas Torts and Remedies § 41.03[3][b][i]-[ii] (Matthew Bender & Co. ed. Supp. Feb. 2001). The underlying issue in *Sipes* was opposing factual contentions. Both parties agreed that the air bag should have deployed in a frontal impact, but the defendant contended that a side impact had occurred and the plaintiffs contended that a frontal impact had occurred. The defendant took the position that there was no defect because the air bag was not designed to deploy in a side impact situation. This is not the issue before the court in the present case.

■ We review Lattrell's summary judgment evidence to determine whether she produced any competent evidence as to each of Chrysler's challenged elements. Lattrell's summary judgment evidence consists of three affidavits, including her own, her attorney's, and her expert's. All three are silent on the issue of a safer, feasible alternative design. Nor is this issue mentioned in Lattrell's response to the summary judgment motion. Because Lattrell produced no evidence of one element of her claim, we will affirm the no-

evidence summary judgment on that basis. *See Harwell*, 896 S.W.2d at 173.

### Constitutional Claims

Lattrell contends Texas Rule of Civil Procedure 166a(i) is unconstitutional as written and as applied. She contends her rights under Article I, Sections 13, 15, and 19 (open courts, right to trial by jury, and due process, respectively) of the Texas Constitution have been violated. *See* TEX. CONST. art. I, §§ 13, 15, and 19.

#### Open Courts Provision

 The open courts provision provides, "All courts shall be open, and every person for an injury done to him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. The doctrine "is premised upon the rationale that the legislature has no power to make a remedy by due course of law contingent upon an impossible condition." *Diaz v. Westphal*, 941 S.W.2d 96, 100 (Tex.1997) (quoting *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351, 355 (Tex.1990)). To establish a right to redress under the open courts provision, a party must show (1) that he or she has a cognizable common law cause of action, and (2) that the restriction of the claim is unreasonable or arbitrary when balanced against the statute's purpose. *Id.*

Summary judgment proceedings have long been recognized in the law, and this procedure does not deny a party to have a remedy by due course of law in open court. In *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 499 (Tex.1995), the Texas Supreme Court interpreted Article I, § 13 of the Texas Constitution to apply only to statutory restrictions of a cognizable common law cause of action.

Second, even if the open courts provision is applicable, the purpose of the no-evidence summary judgment rule, which is to expeditiously dispose of unmeritorious claims, greatly outweighs a party's interest in maintaining its claims without obtaining, after a reasonable opportunity for discovery, even a scintilla of evidence in support of those claims. The nonmovant's burden to raise a mere scintilla of evidence with respect to the challenged elements of its claims after a reasonable opportunity for discovery does not constitute the type of "impossible condition" that has been found to give rise to an open courts violation. *See, e.g., DeRuy v. Garza*, 995 S.W.2d 748, 752 (Tex.App.-San Antonio 1999, no pet.) (statute of limitations violated the open courts provision by precluding a patient's claim before she learned of misdiagnosis); *Glyn-Jones v. Bridgestone/Firestone, Inc.*, 857 S.W.2d 640, 643–44 (Tex.App.-Dallas 1993), *aff'd on other grounds*, 878 S.W.2d 132 (Tex.1994) (statute violated open courts provision by prohibiting use of seat belt evidence in civil trials thereby preventing redress for injuries to plaintiffs who allege that defective seat belt systems contributed to the severity of their injuries); *Hanks v. City of Port Arthur*, 121 Tex. 202, 48 S.W.2d 944, 945 (Tex.1932) (ordinance violated the open courts provision prohibiting recovery for injuries to persons or property from defects in city property unless one of the city commissioners had notice of the defect at least twenty-four hours before the injury).

With respect to Lattrell's claim that Rule 166a(i) as applied to her violates the open courts provision, we have already stated that Lattrell did not diligently pursue discovery in over two years to bring forward evidence raising a fact issue regarding her design defect claim. She contends in her summary judgment reply that she was focused on "getting genuine information and moving on to trial," and that Chrysler hindered her efforts to depose company representatives and engaged in "hyper-technical nit-picking." The record

simply does not bear out her claim. To the contrary, the record shows that Lattrell failed to cooperate in the discovery process altogether and that she only noticed her first deposition as an attachment to her response to the summary judgment motion. Under such circumstances, we cannot say the application of Rule 166a(i) violated the open courts provision.

*Right to a Trial by Jury*

The Texas Constitution provides, "The right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15. Lattrell contends Rule 166a(i) requires her to try her case "by affidavit" instead of before a jury, in contravention of the constitutional right embodied in Section 15. The right to a jury trial in civil cases is not absolute, but rather is regulated by rules specifying its availability. *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725 (Tex.1968). The purpose of the summary judgment rule is not to provide trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only questions of law are involved and that there are no genuine issues of fact. *Port Distrib. Corp. v. Fritz Chem. Co.*, 775 S.W.2d 669, 670 (Tex.App.-Dallas 1989, writ dism'd by agr.). The rule does not deprive litigants of a jury trial where there exists a material question of fact. When a party cannot show a material fact issue, there is nothing to submit to a jury, and the grant of summary judgment to the opposing party does not violate the constitutional right to a jury trial. *Querner Truck Lines, Inc. v. Alta Verde Indus., Inc.*, 747 S.W.2d 464, 469 (Tex.App.-San Antonio 1988, no writ); *Carrabba v. Employers Cas. Co.*, 742 S.W.2d 709, 717 (Tex.App.-Houston [14th Dist.] 1987, no writ); *Mills v. Rice*, 441 S.W.2d 290, 292 (Tex.Civ.App.-El Paso 1969, no writ); *see also* 68 TEX. JUR. 3rd *Summary Judgment* § 3 (1989) (summary judgment procedure does not infringe right to trial by jury).

*Due Process*

Finally, we turn to Lattrell's contention that Rule 166a(i) violates her rights under the due process provision of the Texas Constitution. That provision provides that no citizen "shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. 1, § 19. The summary judgment rule has been in effect since 1950, and our courts have long upheld its validity under the due process clause. *Parker v. Dallas Hunting and Fishing Club*, 463 S.W.2d 496, 501 (Tex.Civ.App.-Dallas 1971, no writ); *Mills*, 441 S.W.2d at 291 (citing *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952)); *see also* 68 TEX. JUR. 3rd *Summary Judgment* § 3 (1989) (summary judgment rule does not deprive resisting party of due process of law).

Lattrell does not explain whether she believes Rule 166a(i) as applied denied her procedural or substantive due process. She does not contend she was denied notice or an opportunity to be heard. Nor does she identify a protected property or liberty interest of which she is deprived. Her entire due process argument consists of two short paragraphs, the bulk of which is a lengthy quote from *Clem v. Evans*, 291 S.W. 871 (Tex. Comm'n App.1927, holding approved), for the proposition that the Legislature is prohibited from enacting a law that deprives a person of property, in violation of procedural due process, by creating a presumption that a promise not performed within a reasonable time was falsely and fraudulently made, where the presumption is rebuttable only by proof of certain specifically enumerated reasons. *Clem* is not in point with this case.

Lattrell then states:

In a similar vein, subsection (i) unconstitutionally shifts the complete burden in summary judgment proceedings to the plaintiff, thus effectively depriving the plaintiff of a fair and reasonable opportunity (by making him engage in a full trial by affidavit on the liability issue) to rebut the unfair and overly burdensome presumption against his case.

As discussed above, the summary judgment rule does not require a plaintiff to engage in a full trial by affidavit. Lattrell was not required to marshal her evidence in answer to the summary judgment motion; she was simply required to show the existence of some evidence on each element of her claim. *Drew v. Harrison County Hosp. Ass'n,* 20 S.W.3d 244, 247 (Tex.App.-Texarkana 2000, no pet.).

Furthermore, her suggestion that subsection (i) imposes an unfair and overly burdensome presumption against her case is without merit. There is no presumption against Lattrell's case. Indeed, application of the rule requires that the evidence be viewed in the light most favorable to her, disregarding all contrary evidence and inferences, because she is the nonmovant. The rule as applied did not serve to violate Lattrell's due process rights. We hold that Rule 166a(i) does not violate the open courts, trial by jury, or due process provisions of the Texas Constitution.

The judgment is affirmed.