WASS V. FARMERS INS.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-05-036-CV

         
2-05-124-CV

BILLY W. WASS APPELLANT

V.

FARMERS TEXAS COUNTY APPELLEE

MUTUAL INSURANCE COMPANY

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Billy W. Wass appeals the trial court’s granting of summary judgment in favor of appellee, Farmers Texas County Mutual Insurance Company.  In seven issues, appellant complains that the trial court erred by granting appellee’s motion for summary judgment.  We affirm.

II.  Background Facts

In his petition, appellant claimed that on March 9, 2002, he was involved in a car accident with Kyle Melvin Johnson in Denton, Texas, and he brought suit against Kyle, Tommy and Joan Johnson, Farmers Texas County Mutual Insurance Company, Howard Barnard, Bret Foster, Virgil Rhodes, and Don McGill Appraisal Service.  After pulling into a parking lot, Kyle admitted that he was at fault for the accident, and appellant and Kyle exchanged insurance information.  Appellant then engaged in a series of telephone conversations with appellee regarding the repair of his car but was unsatisfied with its estimate of the damage.  It appears from the record that at the time appellant filed his petition, the car had still not been repaired.

On November 16, 2004, appellee filed its traditional and no evidence motion for summary judgment on the grounds that (1) appellee owed no contractual or tort duties to appellant, (2) appellant had not asserted a cause of action recognizable by Texas common law or statutory law, (3) appellant did not have standing to assert a RICO violation, and (4) there was no evidence to support any cause of action asserted by appellant.  
See 
Tex. R. Civ. P.
 166a(c), 166a(i).  On December 14, 2004, appellant filed his response to appellee’s motion for summary judgment but failed to attach any evidence to the response.  On December 29, 2004, the trial court granted appellee’s motion for summary judgment.
(footnote: 2)  On January 24, 2005, appellee filed a motion to sever so that there would be a final judgment, and the trial court granted the motion on March 21, 2005.
(footnote: 3)  On May 26, 2005, the trial court entered an order granting appellee’s motion for summary judgment “on all grounds.”  After the order was entered, appellant still had a pending cause of action against Kyle, Tommy and Joan, Barnard, Foster, Rhodes, and McGill.

III.  Right to Jury Trial

In his first issue, appellant argues that he was denied his constitutional right to a jury trial.  However, the right to a jury trial in civil cases is not absolute.
  Martin v. Commercial Metals Co.
, 138 S.W.3d 619, 626 (Tex. App.སྭDallas 2004, no pet.);
 see also Green v. W.E. Grace Mfg. Co.
, 422 S.W.2d 723, 725 (Tex. 1968).  The summary judgment process provides a method of terminating a case when only questions of law are involved and no genuine issues of fact exist.  
Martin
, 138 S.W.3d at 626; 
see Lattrell v. Chrysler Corp.
, 79 S.W.3d 141, 150 (Tex. App.སྭTexarkana 2002, pet. denied).  If there are no genuine issues of fact to submit to a jury, then the granting of summary judgment cannot violate a party’s constitutional right to a jury trial.  
Martin, 
138 S.W.3d at 627; 
see
 
Lattrell
, 79 S.W.3d at 150.  Because the trial court granted appellee’s motion for summary judgment on all grounds, we hold that appellant was not deprived of his right to a jury trial.  We overrule appellant’s first issue.

IV.  No Evidence Motion for Summary Judgment

In his second and third issues, appellant contends that the trial court erred in granting appellee’s motion for summary judgment under rule 166a(c) and 166a(i).  
See 
Tex. R. Civ. P.
 166a(c), (i).  When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court’s judgment under the standards of rule 166a(i).  
Ford Motor Co. v. Ridgway, 
135 S.W.3d 598, 600 (Tex. 2004).  If the nonmovant fails to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the nonmovant’s summary judgment proof satisfied the less stringent rule 166a(c) burden.  
Id.

A.  Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered.  
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 541 U.S. 1030 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

B.  Analysis

Appellee argues that there is no evidence of (1) fraud, (2) RICO violations, (3) an agency relationship between appellee and its insured, and (4) “theft by fraud.”  On December 14, 2004, appellant filed his answer and opposition to appellee’s motion for summary judgment on all of appellee’s grounds.  However, appellant failed to produce any summary judgment evidence in his response and instead only cited case law and listed expert witnesses that he intended to produce at trial.  We hold that appellant failed to produce more than a scintilla of evidence on any of appellee’s grounds.  
See e.g., Green v. Ransor
, 175 S.W.3d 513, 519 (Tex. App.སྭFort Worth 2005, no pet.) (stating that granting of summary judgment was proper because plaintiff failed to produce any evidence);
 Brown v. Pennzoil-Quaker State Co.
, 175 S.W.3d 431, 441 (Tex. App.སྭHouston [1st Dist.] 2005, pet. denied) (holding that plaintiff did not produce more than scintilla of evidence)
.  Because appellant failed to produce sufficient evidence to raise a genuine issue of material fact, the trial court properly granted appellee’s no evidence motion for summary judgment.  Therefore, we need not address the remaining summary judgment grounds upon which the summary judgment could have been based.  
See
 
Tex. R. App. P.
 47.1.  We overrule appellant’s second and third issues.

V.  Preservation of Error
 

In appellant’s issues four through seven, he contends that the 
Stowers 
doctrine is unconstitutional, that he had a noncontractual claim against appellee, that he properly preserved all objections, and that he presented a genuine issue of fact to the trial court.  However, appellant fails to provide argument and authorities in support of each of his issues and failed to provide record references to support his argument.  
An appellate brief must contain all points or issues relied upon, argument and authorities under each point or issue, and all facts relied upon for the appeal with references to the pages in the record where those facts can be found.  
Weaver v. Sw. Nat’l Bank
, 
813 S.W.2d 481, 482 (Tex. 1991); 
see also 
Tex. R. App. P.
 38.1.  
An appellate court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party’s argument.  
Hall v. Stephenson,
 919 S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied).  Thus, an inadequately briefed point may be waived on appeal.  
Id.
 at 467
; see also Fredonia
 
State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284-85 (Tex. 1994) (discussing “long-standing rule” that point may be waived due to inadequate briefing).  Because appellant has failed to provide us authority or record references for his fourth through seventh issues, we deem these issues inadequately briefed.
(footnote: 4)  Thus, we overrule appellant’s issues four through seven.

VI.  Conclusion

Having overruled appellant’s seven issues, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: May 11, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
From the record, we are unable to determine which grounds the trial court granted the motion for summary judgment on.  

3:
Appellant filed two notices of appeal in this case.  The first notice of appeal was filed before the trial court granted appellee’s motion to sever, and the second was filed after the severance.  We are treating the second notice of appeal as an amendment to the first notice of appeal and consolidating the two appeals.  
See
 
Tex. R. App. P.
 27.1(a) (“In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.”).

4:
Appellant does provide a list of case law at the end of his brief; however, he states in his brief that such case law is used to support his first issue.