COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-05-036-CV

                                                2-05-124-CV

 

 

BILLY W. WASS                                                                  APPELLANT

 

                                                   V.

 

FARMERS TEXAS COUNTY                                                      APPELLEE

MUTUAL
INSURANCE COMPANY

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

Appellant Billy W. Wass
appeals the trial court=s granting
of summary judgment in favor of appellee, Farmers Texas County Mutual Insurance
Company.  In seven issues, appellant
complains that the trial court erred by granting appellee=s motion for summary judgment. 
We affirm.








II.  Background Facts

In his petition, appellant
claimed that on March 9, 2002, he was involved in a car accident with Kyle
Melvin Johnson in Denton, Texas, and he brought suit against Kyle, Tommy and
Joan Johnson, Farmers Texas County Mutual Insurance Company, Howard Barnard, Bret
Foster, Virgil Rhodes, and Don McGill Appraisal Service.  After pulling into a parking lot, Kyle
admitted that he was at fault for the accident, and appellant and Kyle
exchanged insurance information. 
Appellant then engaged in a series of telephone conversations with
appellee regarding the repair of his car but was unsatisfied with its estimate
of the damage.  It appears from the
record that at the time appellant filed his petition, the car had still not
been repaired.








On November 16, 2004,
appellee filed its traditional and no evidence motion for summary judgment on
the grounds that (1) appellee owed no contractual or tort duties to appellant,
(2) appellant had not asserted a cause of action recognizable by Texas common
law or statutory law, (3) appellant did not have standing to assert a RICO
violation, and (4) there was no evidence to support any cause of action
asserted by appellant.  See Tex. R. Civ. P. 166a(c), 166a(i).  On December 14, 2004, appellant filed his
response to appellee=s motion for
summary judgment but failed to attach any evidence to the response.  On December 29, 2004, the trial court granted
appellee=s motion for summary judgment.[2]  On January 24, 2005, appellee filed a motion
to sever so that there would be a final judgment, and the trial court granted
the motion on March 21, 2005.[3]  On May 26, 2005, the trial court entered an
order granting appellee=s motion for
summary judgment Aon all
grounds.@  After the order was entered,
appellant still had a pending cause of action against Kyle, Tommy and Joan,
Barnard, Foster, Rhodes, and McGill.

III.  Right to Jury Trial








In his first issue, appellant
argues that he was denied his constitutional right to a jury trial.  However, the right to a jury trial in civil
cases is not absolute.  Martin v.
Commercial Metals Co., 138 S.W.3d 619, 626 (Tex. App._Dallas
2004, no pet.); see also Green v. W.E. Grace Mfg. Co., 422 S.W.2d 723,
725 (Tex. 1968).  The summary judgment
process provides a method of terminating a case when only questions of law are
involved and no genuine issues of fact exist. 
Martin, 138 S.W.3d at 626; see Lattrell v. Chrysler Corp.,
79 S.W.3d 141, 150 (Tex. App._Texarkana 2002, pet. denied). 
If there are no genuine issues of fact to submit to a jury, then the
granting of summary judgment cannot violate a party=s constitutional right to a jury trial.  Martin, 138 S.W.3d at 627; see Lattrell,
79 S.W.3d at 150.  Because the trial
court granted appellee=s motion for
summary judgment on all grounds, we hold that appellant was not deprived of his
right to a jury trial.  We overrule
appellant=s first
issue.

IV.  No Evidence Motion for Summary Judgment

In his second and third
issues, appellant contends that the trial court erred in granting appellee=s motion for summary judgment under rule 166a(c) and 166a(i).  See Tex.
R. Civ. P. 166a(c), (i).  When a
party moves for summary judgment under both rules 166a(c) and 166a(i), we will
first review the trial court=s judgment under the standards of rule 166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
600 (Tex. 2004).  If the nonmovant fails
to produce more than a scintilla of evidence under that burden, then there is
no need to analyze whether the nonmovant=s summary judgment proof satisfied the less stringent rule 166a(c)
burden.  Id.








A.  Standard of Review

After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the
light most favorable to the party against whom the no evidence summary judgment
was rendered.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S.
1030 (2004); Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27
S.W.3d 928, 929 (Tex. 2000).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied).








B.  Analysis

Appellee argues that there is
no evidence of (1) fraud, (2) RICO violations, (3) an agency relationship
between appellee and its insured, and (4) Atheft by fraud.@  On December 14, 2004, appellant filed his
answer and opposition to appellee=s motion for summary judgment on all of appellee=s grounds.  However, appellant
failed to produce any summary judgment evidence in his response and instead
only cited case law and listed expert witnesses that he intended to produce at
trial.  We hold that appellant failed to
produce more than a scintilla of evidence on any of appellee=s grounds.  See e.g., Green
v. Ransor, 175 S.W.3d 513, 519 (Tex. App._Fort
Worth 2005, no pet.) (stating that granting of summary judgment was proper
because plaintiff failed to produce any evidence); Brown v. Pennzoil-Quaker
State Co., 175 S.W.3d 431, 441 (Tex. App._Houston
[1st Dist.] 2005, pet. denied) (holding that plaintiff did not produce more
than scintilla of evidence).  Because
appellant failed to produce sufficient evidence to raise a genuine issue of
material fact, the trial court properly granted appellee=s no evidence motion for summary judgment.  Therefore, we need not address the remaining
summary judgment grounds upon which the summary judgment could have been
based.  See Tex. R. App. P. 47.1.  We overrule appellant=s second and third issues.








V.  Preservation of Error 








In appellant=s issues four through seven, he contends that the Stowers doctrine
is unconstitutional, that he had a noncontractual claim against appellee, that
he properly preserved all objections, and that he presented a genuine issue of
fact to the trial court.  However,
appellant fails to provide argument and authorities in support of each of his
issues and failed to provide record references to support his argument.  An appellate brief must contain all points
or issues relied upon, argument and authorities under each point or issue, and
all facts relied upon for the appeal with references to the pages in the record
where those facts can be found.  Weaver
v. Sw. Nat=l Bank, 813 S.W.2d 481, 482 (Tex. 1991); see
also Tex. R. App. P.
38.1.  An appellate court is not required
to search the appellate record, with no guidance from the briefing party, to
determine if the record supports the party=s argument.  Hall v. Stephenson, 919 S.W.2d 454,
466-67 (Tex. App.CFort Worth 1996, writ denied).  Thus, an inadequately briefed point may be
waived on appeal.  Id. at 467;
see also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d
279, 284-85 (Tex. 1994) (discussing Along-standing rule@ that point may be
waived due to inadequate briefing). 
Because appellant has failed to provide us authority or record
references for his fourth through seventh issues, we deem these issues
inadequately briefed.[4]  Thus, we overrule appellant=s issues four
through seven.

VI.  Conclusion

Having overruled appellant=s seven issues, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
May 11, 2006











[1]See Tex. R. App. P. 47.4.





[2]From
the record, we are unable to determine which grounds the trial court granted
the motion for summary judgment on.  





[3]Appellant
filed two notices of appeal in this case. 
The first notice of appeal was filed before the trial court granted
appellee=s
motion to sever, and the second was filed after the severance.  We are treating the second notice of appeal
as an amendment to the first notice of appeal and consolidating the two
appeals.  See Tex. R. App. P. 27.1(a) (AIn a
civil case, a prematurely filed notice of appeal is effective and deemed filed
on the day of, but after, the event that begins the period for perfecting the
appeal.@).





[4]Appellant
does provide a list of case law at the end of his brief; however, he states in
his brief that such case law is used to support his first issue.