COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-303-CV

 

 

KEENAH LOTTIE                                                                  APPELLANT

 

                                                   V.

 

HARVEST CREDIT MANAGEMENT LLC                                      APPELLEE

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Keenah Lottie, pro
se, appeals from a summary judgment in favor of Appellee Harvest Credit
Management.  In one issue, Lottie argues
that the summary judgment process violated his due process and Confrontation
Clause rights under the United States Constitution.  We affirm.

 








                                            Background

Harvest filed a suit on a
sworn account against Lottie for an unpaid credit card balance of $2,715.29,
supported by the affidavit of its designated agent, Charles Lund.  Harvest alleged that it purchased the account
from Wells Fargo. The petition included twenty-seven requests for admissions,
including requests to admit that Harvest was the present owner and holder of
the account and entitled to bring suit. 
Lottie filed an answer but did not respond to the requests for
admissions. 

Harvest filed a traditional
summary judgment motion based in part on Lottie=s deemed admissions.  Lottie
filed a response, arguing that Harvest failed to Aoffer proof or instruments authorizing Harvest . . . to represent the
[original creditor] Bank in question@ and that Harvest=s attorney Ahas care
full [sic] exempted himself from showing up in court to defend this amount by
designating Charles LUND as an agent. 
This is a ploy by the plaintiff to avoid any cross examination in the
attempt to locate the facts of this case.@  Lottie requested that Athe plaintiff be cited and arrested for contempt of court and this
case be dismissed.@  The trial court granted the summary judgment
motion on July 26, 2006, apparently without a hearing, and rendered judgment in
favor of Harvest for the amount of the debt plus interest and $905.10 in
attorney=s fees.  Lottie filed this
appeal.








                                             Discussion

In a five-page brief, Lottie
argues that the trial court denied him his rights under the Fifth, Sixth, and
Fourteenth Amendments of the United States Constitution by granting summary
judgment without giving Lottie the opportunity to cross-examine Harvest=s attorney at a summary judgment hearing.

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling, if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a); see
also Tex. R. Evid.
103(a)(1).  If a party fails to do this,
error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g). 
   Nothing
in the record suggests that Lottie presented his constitutional claims to the
trial court.  Therefore, we hold that he
has preserved nothing for our review.  See
Tex. R. App. P. 33.1(a).








Moreover, summary judgment
proceedings have long been recognized in the law, and this procedure does not
deny a party the right to have a remedy by due course of law in open court.  See Lattrell v. Chrysler Corp., 79 S.W.3d
141, 149 (Tex. App.CTexarkana
2002, pet. denied).  The summary judgment
rule has been in effect since 1950, and courts have consistently upheld its
validity under the due process clause.  See id. at 150.

                                             Conclusion

Accordingly, we overrule
Lottie=s issue and affirm the trial court=s judgment.

PER CURIAM

 

PANEL
A:   GARDNER, HOLMAN, and MCCOY, JJ.

 

DELIVERED:  January 10, 2008











[1]See Tex. R. App. P. 47.4.