COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-303-CV

KEENAH LOTTIE APPELLANT

V.

HARVEST CREDIT MANAGEMENT LLC APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Keenah Lottie, pro se, appeals from a summary judgment in favor of Appellee Harvest Credit Management.  In one issue, Lottie argues that the summary judgment process violated his due process and Confrontation Clause rights under the United States Constitution.  We affirm.

Background

Harvest filed a suit on a sworn account against Lottie for an unpaid credit card balance of $2,715.29, supported by the affidavit of its designated agent, Charles Lund.  Harvest alleged that it purchased the account from Wells Fargo. The petition included twenty-seven requests for admissions, including requests to admit that Harvest was the present owner and holder of the account and entitled to bring suit.  Lottie filed an answer but did not respond to the requests for admissions. 

Harvest filed a traditional summary judgment motion based in part on Lottie’s deemed admissions.  Lottie filed a response, arguing that Harvest failed to “offer proof or instruments authorizing Harvest . . . to represent the [original creditor] Bank in question” and that Harvest’s attorney “has care full [sic] exempted himself from showing up in court to defend this amount by designating Charles LUND as an agent.  This is a ploy by the plaintiff to avoid any cross examination in the attempt to locate the facts of this case.”  Lottie requested that “the plaintiff be cited and arrested for contempt of court and this case be dismissed.”  The trial court granted the summary judgment motion on July 26, 2006, apparently without a hearing, and rendered judgment in favor of Harvest for the amount of the debt plus interest and $905.10 in attorney’s fees.  Lottie filed this appeal.

Discussion

In a five-page brief, Lottie argues that the trial court denied him his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution by granting summary judgment without giving Lottie the opportunity to cross-examine Harvest’s attorney at a summary judgment hearing.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  
 Nothing in the record suggests that Lottie presented his constitutional claims to the trial court.  Therefore, we hold that he has preserved nothing for our review.  
See
 
Tex. R. App. P.
 33.1(a).

Moreover, summary judgment proceedings have long been recognized in the law, and this procedure does not deny a party the right to have a remedy by due course of law in open court. 
 See Lattrell v. Chrysler Corp
., 79 S.W.3d 141, 149 (Tex. App.—Texarkana 2002, pet. denied).  The summary judgment rule has been in effect since 1950, and courts have consistently upheld its validity under the due process clause. 
 See id.
 at 150.

Conclusion

Accordingly, we overrule Lottie’s issue and affirm the trial court’s judgment.

PER CURIAM

PANEL A: GARDNER, HOLMAN, and MCCOY, JJ.

DELIVERED:  January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.