Opinion filed July 29,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00217-CV

                                                    __________

                                 
DANIEL PATRICK DAY, Appellant

 

                                                             V.

 

                                  GEORGE
R. TRIMBER, Appellee 



 

                                   On
Appeal from the 66th District Court

 

                                                              Hill
County, Texas

 

                                                      Trial
Court Cause No. 46018

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This is an appeal from a summary judgment granted in a legal malpractice action.  
Appellant, Daniel Patrick Day, was indicted on September 1, 2004, in Hill
County for two counts of aggravated sexual assault of a child and one count of
indecency with a child.  Appellant retained appellee, George R. Trimber, to
represent him in the criminal cases.  Appellant was later convicted on August
6, 2007, of one count of aggravated sexual assault of a child based upon his
plea of “nolo contendere” and was sentenced to confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of twenty-five
years.  Appellant subsequently filed a pro se legal malpractice action against
appellee on December 4, 2007, regarding his dissatisfaction with appellee’s
legal services in the criminal proceedings.[1]

            Appellee
filed a no-evidence motion for summary judgment on June 9, 2008.  The trial
court considered the motion for summary judgment at a hearing that occurred on
August 4, 2008.  Appellant appeared at the hearing by telephone because he
remained incarcerated.  During the course of the hearing, the trial court
determined that appellant had not been served with a copy of appellee’s motion
for summary judgment.  In order to remedy this problem, the trial court
informed appellant that it would send him a copy of appellee’s motion for
summary judgment and that it would give him two weeks to file a response to the
motion.

            Appellant
did not file a response to appellee’s motion for summary judgment within the
two-week period given to him by the trial court during the hearing on August 4,
2008.  He subsequently filed a late response.  The trial court entered an order
on October 8, 2008, granting appellee’s motion for summary judgment.  Appellant
challenges the trial court’s actions in four issues.  We affirm.

Voluntary
Recusal

            Appellant
argues in his first issue that the trial judge erred in not voluntarily
recusing himself from considering appellant’s legal malpractice action based
upon the fact that the trial judge presided over appellant’s criminal case.  He
cites Tex. R. Civ. P. 18b in
support of this proposition.  Rule 18b sets out the rules that a trial judge
must consider in determining whether or not to voluntarily recuse himself or
herself in a proceeding.  Appellant’s reliance on Rule 18b is misplaced.  

Tex. R. Civ. P. 18a sets out the rules
that a litigant must follow in order to seek the recusal of a trial judge.  A party must follow the recusal procedures prescribed by Rule 18a in order to preserve
error for appellate review on the issue of recusal.  See Wirtz v. Mass. Mut.
Life Ins. Co., 898 S.W.2d 414, 422-23 (Tex. App.—Amarillo 1995, no writ). 
Appellant did not comply with the requirements of Rule 18a in seeking the trial
judge’s recusal.  In this regard, appellant sent an unverified letter to the
trial judge on June 27, 2008, regarding the judge’s possible impartiality in 




 

the case.  Appellant
did not seek the trial judge’s recusal under Rule 18a as evidenced by the
manner in which he concluded the letter:  

       If sir you
can not [sic] hear the above cause fairly, I would ask that you do what is
required by law.  If you feel that you can be fair and impartial than [sic] please
just understand the intent of this letter and hold no harm or ill will for the
questions.

 

Appellant’s
first issue is overruled.

Failure
to Award Sanctions

            In
his second issue, appellant contends that the trial court erred in failing to sanction
appellee for not serving appellant with a copy of the motion for summary
judgment.  During the hearing on the motion for summary judgment, the parties
and the trial court determined that appellee had forwarded the motion for
summary judgment to an address previously used by appellant rather than his
current address.  Appellant contends that the trial court should have
sanctioned appellee under Tex. R. Civ.
P. 21b for sending the motion to an incorrect address.  

            By
its express terms, sanctions imposed under Rule 21b are within the discretion
of the trial court.  An appellate court will not set aside a trial court’s
sanctions ruling in the absence of an abuse of discretion.  See Mattly v. Spiegel, Inc., 19 S.W.3d 890, 895 (Tex. App.—Houston [14th Dist.] 2000,
no pet.).  The record does not reflect any sinister motive on the part of
appellee in sending the motion to appellant’s previous address.  Furthermore,
any harm that appellant might have suffered was remedied by the trial court’s
action of forwarding a copy of the motion for summary judgment to appellant and
granting him two weeks to file a response to it.  Accordingly, the trial court
did not abuse its discretion by not sanctioning appellee.  Appellant’s second
issue is overruled.

Consideration
of Discovery Matters Prior to Granting Summary Judgment

            Appellant
argues in his third issue that the trial court erred in not conducting a
hearing on his discovery requests prior to granting appellee’s motion for
summary judgment.  We disagree.  Appellee included a claim in his motion for
summary judgment that appellant’s case should be dismissed under Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c)
(Vernon 2002) because it constituted a frivolous or malicious claim asserted by
an inmate.  Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(d) (Vernon 2002) provides that, “[o]n the filing of a motion under [14.003](c), the court shall suspend discovery relating to the
claim pending the hearing.”  Accordingly, the trial court did not err in not
addressing appellant’s discovery requests prior to considering appellee’s
request to dismiss the case.  Furthermore, appellant should have been able to
defeat summary judgment without obtaining discovery from appellee by submitting
an affidavit as proper summary judgment evidence.  Plaintiffs are presumed to have investigated their case
before filing suit. See Martinez v. City of San Antonio, 40
S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied).  Appellant’s
third issue is overruled.

Right
to Jury Trial Not Violated

            In
his fourth issue, appellant contends that his right to a trial by jury was
violated by the trial court’s entry of summary judgment.  The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to
deprive litigants of the right to a jury trial. City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The summary judgment
process provides a method of terminating a case when only questions of law are
involved and there are no genuine issues of fact.  Lattrell v. Chrysler
Corp., 79 S.W.3d 141, 150 (Tex. App.—Texarkana 2002, pet. denied).  When a
party cannot show a material fact issue, there is nothing to submit to a jury,
and the grant of summary judgment to the opposing party does not violate the
constitutional right to a jury trial.  Martin v. Commercial Metals Co., 138
S.W.3d 619, 626 (Tex. App.—Dallas 2004, no pet.); Lattrell, 79 S.W.3d at
150.  Appellant’s fourth issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                PER
CURIAM

 

 

July 29, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]Appellant is also pro se on appeal.