**Opinion filed July 29, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00217-CV

_____

## DANIEL PATRICK DAY, Appellant

## V.

## GEORGE R. TRIMBER, Appellee

**On Appeal from the 66th District Court**

**Hill County, Texas**

**Trial Court Cause No. 46018**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment granted in a legal malpractice action. Appellant, Daniel Patrick Day, was indicted on September 1, 2004, in Hill County for two counts of aggravated sexual assault of a child and one count of indecency with a child. Appellant retained appellee, George R. Trimber, to represent him in the criminal cases. Appellant was later convicted on August 6, 2007, of one count of aggravated sexual assault of a child based upon his plea of "nolo contendere" and was sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty-five years. Appellant subsequently

filed a pro se legal malpractice action against appellee on December 4, 2007, regarding his dissatisfaction with appellee's legal services in the criminal proceedings.[1]

Appellee filed a no-evidence motion for summary judgment on June 9, 2008. The trial court considered the motion for summary judgment at a hearing that occurred on August 4, 2008. Appellant appeared at the hearing by telephone because he remained incarcerated. During the course of the hearing, the trial court determined that appellant had not been served with a copy of appellee's motion for summary judgment. In order to remedy this problem, the trial court informed appellant that it would send him a copy of appellee's motion for summary judgment and that it would give him two weeks to file a response to the motion.

Appellant did not file a response to appellee's motion for summary judgment within the two-week period given to him by the trial court during the hearing on August 4, 2008. He subsequently filed a late response. The trial court entered an order on October 8, 2008, granting appellee's motion for summary judgment. Appellant challenges the trial court's actions in four issues. We affirm.

*Voluntary Recusal*

Appellant argues in his first issue that the trial judge erred in not voluntarily recusing himself from considering appellant's legal malpractice action based upon the fact that the trial judge presided over appellant's criminal case. He cites TEX. R. CIV. P. 18b in support of this proposition. Rule 18b sets out the rules that a trial judge must consider in determining whether or not to voluntarily recuse himself or herself in a proceeding. Appellant's reliance on Rule 18b is misplaced.

TEX. R. CIV. P. 18a sets out the rules that a litigant must follow in order to seek the recusal of a trial judge. A party must follow the recusal procedures prescribed by Rule 18a in order to preserve error for appellate review on the issue of recusal. *See Wirtz v. Mass. Mut. Life Ins. Co.*, 898 S.W.2d 414, 422-23 (Tex. App.—Amarillo 1995, no writ). Appellant did not comply with the requirements of Rule 18a in seeking the trial judge's recusal. In this regard, appellant sent an unverified letter to the trial judge on June 27, 2008, regarding the judge's possible impartiality in

---

[1]Appellant is also pro se on appeal.

the case. Appellant did not seek the trial judge's recusal under Rule 18a as evidenced by the manner in which he concluded the letter:

> If sir you can not [sic] hear the above cause fairly, I would ask that you do what is required by law. If you feel that you can be fair and impartial than [sic] please just understand the intent of this letter and hold no harm or ill will for the questions.

Appellant's first issue is overruled.

*Failure to Award Sanctions*

In his second issue, appellant contends that the trial court erred in failing to sanction appellee for not serving appellant with a copy of the motion for summary judgment. During the hearing on the motion for summary judgment, the parties and the trial court determined that appellee had forwarded the motion for summary judgment to an address previously used by appellant rather than his current address. Appellant contends that the trial court should have sanctioned appellee under TEX. R. CIV. P. 21b for sending the motion to an incorrect address.

By its express terms, sanctions imposed under Rule 21b are within the discretion of the trial court. An appellate court will not set aside a trial court's sanctions ruling in the absence of an abuse of discretion. *See Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 895 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The record does not reflect any sinister motive on the part of appellee in sending the motion to appellant's previous address. Furthermore, any harm that appellant might have suffered was remedied by the trial court's action of forwarding a copy of the motion for summary judgment to appellant and granting him two weeks to file a response to it. Accordingly, the trial court did not abuse its discretion by not sanctioning appellee. Appellant's second issue is overruled.

*Consideration of Discovery Matters Prior to Granting Summary Judgment*

Appellant argues in his third issue that the trial court erred in not conducting a hearing on his discovery requests prior to granting appellee's motion for summary judgment. We disagree. Appellee included a claim in his motion for summary judgment that appellant's case should be dismissed under TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (Vernon 2002) because it constituted a frivolous or malicious claim asserted by an inmate. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(d) (Vernon 2002) provides that, "[o]n the filing of a motion under [14.003](c), the court shall suspend discovery relating to the claim pending the hearing." Accordingly, the trial court did not err in not addressing appellant's discovery requests prior to considering

3

appellee's request to dismiss the case. Furthermore, appellant should have been able to defeat summary judgment without obtaining discovery from appellee by submitting an affidavit as proper summary judgment evidence. Plaintiffs are presumed to have investigated their case before filing suit. *See Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). Appellant's third issue is overruled.

*Right to Jury Trial Not Violated*

In his fourth issue, appellant contends that his right to a trial by jury was violated by the trial court's entry of summary judgment. The function of summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive litigants of the right to a jury trial. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The summary judgment process provides a method of terminating a case when only questions of law are involved and there are no genuine issues of fact. *Lattrell v. Chrysler Corp.*, 79 S.W.3d 141, 150 (Tex. App.—Texarkana 2002, pet. denied). When a party cannot show a material fact issue, there is nothing to submit to a jury, and the grant of summary judgment to the opposing party does not violate the constitutional right to a jury trial. *Martin v. Commercial Metals Co.*, 138 S.W.3d 619, 626 (Tex. App.—Dallas 2004, no pet.); *Lattrell*, 79 S.W.3d at 150. Appellant's fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

PER CURIAM

July 29, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4