Bruce J. BLISS, Jr., Appellant,

v.

NRG INDUSTRIES d/b/a National Duct Systems, Inc., Appellee.

No. 05–03–01817–CV.

Court of Appeals of Texas, Dallas.

May 6, 2005.

Bruce J. Bliss, Jr., Cotulla, pro se.

Peter R. Thompson, Attorney and Counselor at Law, Kent D. Williamson, The Silva Firm, Dallas, for Appellee.

Before Justices WRIGHT, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice FITZGERALD.

Appellant Bruce J. Bliss, Jr. was hired by Keystone Personnel, Group ("Keystone") and assigned to work on a temporary basis for NRG Industries d/b/a National Duct Systems, Inc. ("NDS"). While working on NDS's premises, Bliss sustained a hand injury. Bliss applied for and received workers' compensation benefits for the injury. Then he sued Keystone and NDS alleging negligence. The trial court granted summary judgment in favor of NDS based on the exclusive-remedy doctrine of the Texas Labor Code. The court severed Bliss's claim against NDS to make the summary judgment order final. Bliss appeals. For the reasons discussed below, we affirm the trial court's order.

## BACKGROUND

NDS's summary judgment motion argued that Keystone and NDS were joint employers of Bliss because both companies

exercised control over aspects of Bliss's employment. The motion was based on an affidavit by Jack Steele, Director of Manufacturing for NDS. Steele testified that—in return for a fee paid to Keystone by NDS—Keystone oversaw Bliss's paychecks, human resource functions, insurance, and fringe benefits. Meanwhile, NDS directed "the time, place, and specific method of services which Mr. Bliss would perform on [NDS's] property." Because they were joint employers, NDS argued, both it and Keystone could avail themselves of the exclusive-remedy provision of the Texas Labor Code. *See* Tex. Lab.Code Ann. § 408.001(a) (Vernon 1996).[1] Bliss did not file a response to the summary judgment motion. The trial court pronounced that NDS "is protected from suit by the applicability of the exclusive remedy doctrine of the Texas Labor Code," and it granted the motion. Bliss appeals.

### The Exclusive-Remedy Defense

Bliss's first point of error argues the summary judgment evidence is insufficient to support the trial court's order. Bliss argues there is a material fact question as to whether NDS was his employer, and thus the trial court erroneously granted summary judgment to NDS based on the exclusive-remedy provision of the Act. We review summary judgments under well-established standards. The party moving for summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c). The nonmovant has no burden to respond to a summary judgment motion; summary judgments must stand on their own merits. *M.D. Anderson Hosp. and Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). Accordingly, even if the nonmovant did not respond to the motion, he can still contend on appeal that the movant's summary judgment proof is insufficient as a matter of law to support summary judgment. *Id.*[2]

Two recent supreme court cases are instructive. In *Wingfoot Enterprises v. Alvarado*, 111 S.W.3d 134 (Tex.2003), the court addressed the fundamental question: who is the employer of a temporary employee for workers' compensation purposes? The court concluded that both the provider of temporary employees and its client company could fit the definition of "employer" in the labor code.[3] Thus, a temporary employee may well have more than one employer for purposes of workers' compensation issues. The *Wingfoot Enterprises* court concluded:

> An employee injured while working under the direct supervision of a client company is conducting the business of both the general employer and that em-

---

1. The statute specifically provides:

 Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

 *Id.*

2. Bliss, who represents himself in this Court pro se, incorrectly characterizes his complaint as one of "factual insufficiency." We address the point because it clearly challenges whether the summary judgment evidence is sufficient to support the trial court's finding that Bliss's claim against NDS is barred by the exclusive-remedy provision of the labor code.

3. For a question involving workers' compensation coverage, an "employer" is defined simply as "a person who employs one or more employees." Tex. Lab.Code § 406.001. An "employee," in turn, is defined as "each person in the service of another under a contract of hire, whether express or implied, or oral or written." *Id.* § 401.012(a).

ployer's client. The employee should be able to pursue workers' compensation benefits from either. If either has elected not to provide coverage, but still qualifies as an "employer" under the Act, then that employer should be subject to common law liability without the benefit of the defenses enumerated in section 406.033.

*Id.* at 143. In *Garza v. Exel Logistics, Inc.,* 48 Tex. Sup.Ct. J. 544, 2005 WL 783433 (Tex. Apr. 8, 2005), the court stated that we are to determine whether the worker is an employee of the client company as well as the temporary-employee provider, by applying "traditional indicia, such as the exercise of actual control over the details of the work that gave rise to the injury." 48 Tex. Sup.Ct. J. at 547, 2005 WL 783433 at *3. In *Garza,* undisputed evidence established that when Mr. Garza was injured, he was working on the client's premises, in the furtherance of the client's day-to-day business, and under the specific direction of the client in terms of the details of his work. *Id.* The court concluded that, for workers' compensation purposes, Mr. Garza was an employee of the client when he was injured. *Id.*

We apply the same "traditional indicia" in this case. The summary judgment evidence included the following undisputed testimony:

> [NDS] temporarily obtained control over Mr. Bliss's job duties, in that [NDS] would direct the time, place, and specific method of services which Mr. Bliss would perform on [NDS's] property.

Likewise it is undisputed that Bliss was injured on NDS's property while he was working. We conclude that NDS exercised actual control over the details of Bliss's work that gave rise to the injury. Accordingly, we conclude Bliss was NDS's employee for purposes of workers' com-

pensation and that injury. *See id.* We overrule Bliss's first point of error.

### RIGHT TO TRIAL BY JURY

 Bliss's second point of error complains that he was denied his constitutional right to trial by jury. The right to a jury trial in civil cases is not absolute. *See, e.g., Green v. W.E. Grace Mfg. Co.,* 422 S.W.2d 723, 725 (Tex.1968); *Martin v. Commercial Metals Co.,* 138 S.W.3d 619, 626 (Tex. App.-Dallas 2004, no pet.). The summary judgment process provides a method of terminating a case when only questions of law are involved and there are no genuine issues of fact. *See Lattrell v. Chrysler Corp.,* 79 S.W.3d 141, 150 (Tex.App.-Texarkana 2002, pet. denied). The process will not deprive litigants of a jury trial where material questions of fact exist. However, if there is nothing to submit to a jury, then the grant of summary judgment cannot violate a party's constitutional right to a jury trial. *See id.; see also Martin,* 138 S.W.3d at 627. We have already concluded that there was no genuine issue of material fact concerning NDS's status as Bliss's employer. Accordingly, we decide this point against Bliss as well.

### INEFFECTIVE ASSISTANCE OF COUNSEL

 In his third point of error, Bliss argues his counsel in the trial court rendered ineffective assistance. In his brief, Bliss cites only to criminal cases concerning rules for ineffective assistance of counsel. But there is no corresponding constitutional right to counsel—let alone effective counsel—in civil proceedings. *Knie v. Piskun,* 23 S.W.3d 455, 461 (Tex. App.-Amarillo 2000, pet. denied) (citing *Travelers Indem. Co. of Conn. v. Mayfield,* 923 S.W.2d 590, 594 (Tex.1996)). Bliss cites us to no authority providing him such a right in this proceeding, and our research has not located any. The civil cases Bliss cites deal with an attor-

438

ney's obligations to his client. Those obligations are properly dealt with under malpractice or breach of contract theories in a suit between the attorney and the client. We overrule Bliss's third point of error.

DUE PROCESS RIGHTS

In his fourth point of error, Bliss argues his federal and state due-process rights were violated because, as an inmate, he was unable to obtain a free copy of the statement of facts and clerk's record for two trial court proceedings or to borrow the record of those proceedings. Bliss argues that this inability to obtain the record effectively closed this Court to him in violation of the State's open-courts guarantee. Because the record indicates Bliss has received the requested record, we reject this point of error.

Bliss points to two specific trial court settings for which he requested, but was denied, access to the record: the trial court hearings of June 30, 2003 and December 1, 2003. On June 30, 2003, the trial court heard NDS's motion for summary judgment. It is apparent from the record before us that Bliss possesses a copy of the motion for summary judgment and supporting affidavit, which appear to be the only relevant clerk's documents for this proceeding. As to a record of the hearing itself, we assume that no court reporter recorded the hearing: our supreme court has directed that such a recording would be "neither necessary nor appropriate to the purposes of such a hearing." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979). The record before us does not contain such a recording.

The December 1, 2003 hearing addressed NDS's motion to sever. Bliss attended the December 1 hearing telephonically, and the transcript indicates Bliss

possessed a copy of the motion to sever. Moreover, our record indicates Bliss was in fact given a free copy of the eight-page transcript of the hearing on that motion by order of this Court. Indeed, Bliss has filed a supplemental brief based on that record.

Bliss has received the portions of the record that he complains of under this point of error. We reject his claim of due process violations, and we overrule his fourth point of error.

CONCLUSION

We have decided all of Bliss's points error against him. Accordingly, we affirm the trial court's order granting summary judgment in this case.