COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-073-CV

 

 

IRMA COOPER                                                                    APPELLANT

 

                                                   V.

 

FROZEN FOOD EXPRESS IND.,                                                APPELLEES

INC.; FROZEN FOOD EXPRESS 

INDUSTRIES & SUBSID., INC.;

STONEY M. (MIT) STUBBS,
JR., 

REGISTERED AGENT,
PRESIDENT/CEO, 

BRD. DIRECTOR; RANDY
MITCHEN, 

MANAGER RISK MANAGEMENT
INS./

FFEX INC.; JIM RAY, SR.,
CLAIMS 

EXMR., RISK MANAGEMENT
INS./

FFEX INC.; AND RISK
MANAGEMENT 

INSURANCE

 

 

                                              ------------

 

           FROM THE 153RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Irma Cooper, acting pro se, filed a personal
injury suit on February 12, 2004.  She
amended her petition several times, with the last one filed on August 17,
2004.  Although she mistakenly initially
filed suit against John Greene, whom she believed was representing Appellees,
the trial court later dismissed him from the suit, and Cooper added Appellees
as defendants.  It is unclear when Cooper
named each Appellee as a defendant in the suit, but her Second Amended Original
Petition, filed August 17, 2004, named all of the Appellees as defendants.  Cooper filed a motion for partial summary
judgment on June 21, 2004, and amended this motion on August 17, 2004.

Appellee Randy Mitchen filed an original answer
on August 27, 2004. Appellees Frozen Food Express Ind., Inc. (FFE) and Frozen
Food Express Industries & Subsid. Inc. (FFEX) filed original answers on
August 31, 2004.  Appellee Jim Ray filed
an original answer on October 15, 2004. 
FFE and Ray amended their answers on November 5, 2005.  The original answers of Appellees Stoney M.
(Mit) Stubbs and Risk Management Insurance are not included in the appellate
record, but the record does show that they amended their answers on November
11, 2004.

On October 18, 2004, Cooper filed a motion for
default judgment against Jim Ray, as A[a]cting
[a]gent for Risk Management [Insurance],@
alleging that he failed to timely file an answer.








On November 3, 2004, Appellees filed a
no-evidence motion for summary judgment. 
The trial court held a hearing on the motion on November 29, 2004, and
continued the hearing to December 16, 2004, to allow Cooper to file a
response.  On December 3, 2004, Cooper
filed a no-evidence motion for summary judgment.  The court had a hearing on Appellees= motion
on December 16, 2004.

On December 22, 2004, the trial court judge sent
a letter to the parties indicating that he was granting Appellees=
no-evidence motion for summary judgment. 
On December 30, 2004, Cooper filed a motion to vacate the judgment and
other related motions.  The trial court
judge executed an order granting Appellees=
no-evidence motion for summary judgment on January 18, 2005.

On February 8, 2005, Cooper again filed a motion
for default judgment, apparently against all Appellees.  At a hearing that same day, the trial court
denied her previously filed motion to vacate the summary judgment.  The trial court executed an order denying the
motion to vacate the judgment and related motions on February 10, 2005.  The trial court never expressly ruled on
Cooper=s
motions for default judgment.  Cooper
appealed.








In eight points on appeal, Cooper argues that the
trial court erred and abused its discretion by making various rulings.  Because we hold that the trial court did not
err or abuse its discretion, we affirm the trial court=s
judgment. In her second point and part of
her first, Cooper argues that the trial court erred by allowing Appellees to
file Alate@
original answers without written leave of court and that Appellees improperly
failed to seek such leave.  From our
review of the record, it appears that the last of the answers was filed on
October 15, 2005.  Cooper argues that
these Alate-filed@ answers
violate rules 122 and 123 of the Texas Rules of Civil Procedure.  However, these rules are irrelevant to the
resolution of this issue.

Rule 239, AJudgment
by Default,@ provides,

Upon such call of the
docket, or at any time after a defendant is required to answer, the plaintiff
may in term time take judgment by default against such defendant if he has not
previously filed an answer, and provided that the citation with the officer=s return thereon shall
have been on file with the clerk for the length of time required by Rule 107.[2]

 








This rule specifically provides that the plaintiff may take judgment
by default pursuant to this rule only if the defendant has not previously filed
an answer.[3]
As a general rule, if an answer is filed after the answer date, but before the
trial court renders the default judgment, it is error for the court to render a
default judgment.[4]

Our review of the record shows that Appellees
filed their answers before Cooper filed the first motion for default
judgment.  Moreover, her first motion for
default judgment appears to involve only Jim Ray.  The second motion was not filed until
February 8, 2005, several weeks after the trial court signed the motion
granting Appellees= no-evidence motion for summary
judgment.  Cooper does not appear to
allege that she was somehow entitled to a post-answer default judgment.  We overrule her second point and the part of
her first point complaining about the late answers.








In her sixth point, Cooper argues that the trial
court erred when it failed to acknowledge her motions for default
judgment.  Our review of the record shows
that the trial court judge, on at least one occasion, stated his reasoning for
declining to rule on the motions for default judgment:  A[I]n
looking at the file, there is an answer filed by Mr. Ray on October 15th.  You filed your motion for judgment by default
on October 18th . . . .  [T]here was
already an answer filed, so there=s no
reason to set your motion for default at that point in time.@  Because Cooper was not entitled to a default
judgment, she could not have been harmed by the trial court=s
failure to rule.[5]  We overrule her sixth point.      In her fourth point, Cooper argues that Athe
trial court abused its discretion by overruling [her] motion to vacate [the]
judgment in that it was so contrary to the great weight and preponderance of
[the] evidence as to be manifestly unjust.@  In the discussion of her point in her brief,
however, she argues that the trial court abused its discretion Aeven
when errors/fraudulent filings were revealed to the Court.@








Cooper filed several documents contesting the
motion for summary judgment and the resulting summary judgment.  Her AMotion
to Vacate Summary Judgment@ states
that she filed an objection to summary judgment Abased on
>error= [i]n
[the trial court=s] oversight of [her] filed
Response/Answer to Motion for Non Evidence Summary Judgment filed by >non-defendant[,=] driver
[of the vehicle causing Cooper=s
injuries, Pierre] Thibault[6]
by opposing Legal Counsel filed on 12-10-04 by Plaintiff.@  Her AAnswer
to Motion Summary Judgment No Evidence,@ filed
on December 12, 2004, states that it is the Aanswer
to Driver Thibault=s Motion for No Evidence Summary
Judgment,@ and continues:  AAlthough
[she] proved in hearing held on 11-29-04 that driver Thibault was [n]ot a named
[d]efendant in this [c]ivil [a]ction and never has been . . . [she] still is
[c]ompliant with [the] judge[>s]
request to file answer.@ She states that she has a new
motion for summary judgment Anow
pending@ and
requests that A[o]pposing counsel=s >[e]rroneous= motion
be striken and [her] Motion for No Evidence Summary judgment be [granted].@  Her AObjection
to Form Judgment/Order@ states that the motion for
summary judgment Awas sought by only Pierre
Thibault,@ a Anon-defendant,@ but
that the trial court=s judgment was Adrawn on
all defendants.@ 
Her AObjection to Summary Judgment@ states
that she filed a response to Appellees= motion
for summary judgment, that she filed a motion to strike the motion for summary
judgment, that she filed a motion for contempt against opposing legal counsel,
and that she had previously filed exhibits regarding Thibault (such as an
accident report). It appears that she is claiming that only Thibault, filed a
motion for summary judgment and that the trial court erred by granting summary
judgment in Appellees= favor.








However, although Thibault filed a no-evidence
motion for summary judgment, Appellees also filed a no-evidence for summary
judgment (and this motion does not include nonparty Thibault).  Also, the trial judge=s letter
indicating that the motion was granted requested one of Appellees=
attorneys to submit an appropriate order, and the order that the judge signed
on January 18, 2005, simply stated that Appellees=
no-evidence motion for summary judgment was Awell-taken,@ that
Cooper should take nothing, and that the motion was granted.  In addition, despite the allegation in her
brief that errors and fraudulent filings were revealed to the court, she
presents no evidence of any errors or fraudulent filings.  Nothing in the discussion of her point
challenges the substantive merits of the summary judgment or the lack of
evidence supporting it.  We overrule
Cooper=s fourth
point.

In her seventh point, Cooper argues that the
trial court abused its discretion in holding her (acting pro se and in forma
pauperis) to the same standards as a licensed attorney.  However, a pro se litigant is held to the
same standards as licensed attorneys and must comply with applicable laws and
rules of procedure.[7]  We overrule Cooper=s
seventh point.








In her eighth point and part of her first point,
Cooper alleges that the trial court abused its discretion by violating her
Seventh Amendment right to trial.  The
Seventh Amendment to the United States Constitution provides that A[i]n
Suits at common law, where the value in controversy shall exceed twenty
dollars, the right of trial by jury shall be preserved, and no fact tried by a
jury, shall be otherwise reexamined in any Court of the United States, than
according to the rules of the common law.@[8]  She alleges in her brief that the trial court
denied her constitutional right to trial by canceling the trial date and
denying her the right to represent herself at a jury trial.








Cooper presents no evidence of how or why her
constitutional rights were violated. 
However, case law holds that the summary judgment procedureCa widely
accepted practiceCdoes not violate constitutional
rights.[9]  The right to a jury trial in civil cases is
not absolute.[10]  The summary judgment process provides a
method of terminating a case when only questions of law are involved and there
are no genuine issues of fact.[11]  The process may not be used to deprive
litigants of a jury trial where material questions of fact exist.[12]  However, if there is nothing to submit to a
jury, then the grant of summary judgment cannot violate a party=s
constitutional right to a jury trial.[13]  Accordingly, we overrule Cooper=s eighth
point and that part of her first point complaining about her Seventh Amendment
rights.

In the remainder of her first point, Cooper
argues that the trial court erred by rescheduling the previously set trial date
to April 18, 2005.  No trial was
necessary in this case; therefore, this point is moot.[14]  We overrule Cooper=s first
point.








In her third point, Cooper argues that the trial court
abused its discretion by allowing Appellees to file a Afraudulent
motion@ and by
taking no action on her no-evidence motion for summary judgment.  She states in her brief that the court failed
Ato take
action on [the] fraudulent motion filedCThibault[>s]
no[-]evidence summary judgmentCknowingly
and fraudulently filed by Appellees[=] legal
counsel.  [The] [t]rial court closed its
eyes to this fact even when [Cooper] filed to strike [the] no[-]evidence
summary judgment and contempt motion on 12-03-04.@  She also asserts that A[o]pposing
legal counsel filed bogus filings for non-defendants (driver Pierre Thibault).@  Although Thibault=s answer
and no-evidence motion for summary judgment were filed by the same attorney
representing Appellees, Cooper points to no evidence in the record indicating
how counsel=s representation of both
Thibault and Appellees was fraudulent or would render Thibault=s or
Appellees= filings fraudulent.  She provided no evidence of any fraudulent
action by anybody and we find nothing in the record to indicate any fraud by
Appellees in filing the no-evidence summary judgment motion.








Cooper filed her no-evidence motion for summary
judgment on December 3, 2004, after the hearing on Appellees= motion
for summary judgment.  Following this
filing, on January 18, 2005, the trial court granted Appellees= motion
for summary judgment.  The order stated
that Cooper take nothing and that Appellees be discharged from the suit.  Therefore, it appears that the trial court
implicitly overruled Cooper=s
motion.[15]  We overrule her third point.    Cooper=s brief
contains two different statements of her fifth point.  On one page, her fifth point repeats her
argument that Appellees failed to seek leave of court to file their late
original answerCan argument that we have already
addressed.  On another page, her fifth
point seems to present an argument that an adequate time for discovery had not
passed and that opposing counsel Asubmit[ted]
perjurious testimony in [the] hearing on 12-16-04@
indicating that the case was on the docket for dismissal due to want of
prosecution.  She states that her copy of
the motion to compel discovery, which she allegedly filed, Awas
taken in an in-home break-in.@  However, she presents no evidence that the
case was not on the docket for dismissal, and the transaction sheet
(showing all transactions that occurred in her case as recorded by the trial
court=s clerk=s
office) she presents in her brief contains an entry that a letter setting the
hearing for dismissal for want of prosecution was set for November 3, 2004.  Also, she presents no evidence of how,
even if the case was not on the docket for dismissal, opposing counsel=s
allegedly false statement affected the outcome of the case.  Opposing counsel continued his discussion
with statements and arguments regarding the absence of Cooper=s
evidence in the case.








Also, Cooper presents no evidence that the time
for discovery was in any way inadequate. 
She filed the case on  February
12, 2004, and her last live petition in the appellate record is the Second
Amended Petition filed on August 17, 2004. 
The trial court held the hearing on Appellees= motion
for summary judgment on November 29, 2004, and continued it to December 15,
2004, to allow Cooper time to file appropriate documents in response.  She prevents no evidence of this time being
inadequate or of any attempts that she made to obtain discovery.  Moreover, A[w]hen a
party contends that it has not had an adequate opportunity for discovery before
a summary judgment hearing, it must file either an affidavit explaining the
need for further discovery or a verified motion for continuance.@[16]  Cooper did neither.  We overrule her fifth point. 

 

 

 

 

 

 

 

 








Because we have overruled all of Cooper=s
points, we affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL A:   CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  August 17, 2006











[1]See Tex. R. App. P. 47.4.





[2]Tex.
R. Civ. P. 239
(emphasis added).





[3]Id.; Davis v. Jeffries,
764 S.W.2d 559, 560 (Tex. 1989).





[4]Davis, 764
S.W.2d at 560.





[5]See Tex. R. App. P.
44.1(a).





[6]Thibault was later dismissed from the case.





[7]Strange v. Continental Cas. Co., 126 S.W.3d 676, 677‑78 (Tex. App.CDallas
2004, pet. denied), cert. denied, 543 U.S. 1076 (2005); Clemens v.
Allen, 47 S.W.3d 26, 28 (Tex. App.CAmarillo 2000, no pet.) (citing Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 184‑85 (Tex. 1978)); see also Tarrant (Tex.) Civ. Ct. Loc. R. 1.02(b); Wallace ex rel. Wallace v. Dimon,
No. 02‑05‑0197‑CV, 2006 WL 744295, at *1 (Tex. App.CFort
Worth 2006, no pet. h.) (mem. op.).





[8]U.S. Const.
amend. VII.





[9]See, e.g.,
Bliss v. NRG Industries, 162 S.W.3d 434, 437 (Tex. App.CDallas
2005, pet. denied).





[10]Id. (citing Green v. W.E. Grace Mfg.
Co., 422
S.W.2d 723, 725 (Tex. 1968)); Martin v. Commercial Metals Co., 138
S.W.3d 619, 626 (Tex. App.CDallas 2004, no pet.).





[11]Bliss, 162
S.W.3d at 437
(citing Lattrell v. Chrysler Corp., 79 S.W.3d 141, 150 (Tex. App.CTexarkana 2002, pet.
denied)).





[12]Id.





[13]Id. (citing Lattrell, 79 S.W.3d at
150; Martin, 138 S.W.3d at 627).





[14]See Black=s Law
Dictionary 1029 (8th ed. 2004); see also Williams v. Lara, 52 S.W.3d
171, 184 (Tex. 2000) (defining mootness); Davis v. Burnam, 137 S.W.3d
325, 332 (Tex. App.CAustin 2004, no pet.) (same).





[15]See, e.g.,
Zurita v. Lombana, No. 01‑01‑01040‑CV, 2003 WL
21027140, at *2 n.4 (Tex. App.CHouston [1st Dist.] May 8, 2003, pet. denied) (mem.
op.).





[16]Shields v. Delta Lake Irr. Dist., No. 13‑01‑622‑CV, 2006 WL 1280863,
at *14 (Tex. App.CCorpus Christi May 11, 2006, pet. filed) (mem. op.)
(citing Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex.
1996)).