# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-06-00434-CV

---

**Vincent Wrencher, Appellant**

**v.**

**Stephanie Wrencher, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-FM-03-006102, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Vincent Wrencher, proceeding *pro se*, brings this appeal from a no evidence summary judgment granted in favor of appellee Stephanie Wrencher concerning Vincent's motion to modify the Wrencher's divorce decree in a suit affecting the parent-child relationship. We affirm.

Vincent Wrencher and Stephanie Wrencher were divorced on August 18, 2004, and the final divorce decree entered by the trial court reflected the agreement of the parties. In September and November 2004, Vincent filed motions to modify certain terms of the divorce decree, including the provisions for child support and the right to designate the primary residence of their child, Vincent Wrencher, Jr. The trial court conducted hearings in September 2004 and January 2005 that resulted in the denial of Vincent's motions.

On April 8, 2005, Vincent filed a Petition to Modify Parent-Child Relationship that is the subject of this suit. He requested, among other things, the right to designate the primary

residence of the child, modification of the joint custody arrangement, modification of child support, modification of the child's day care arrangement, and a child support credit. The petition also included a motion to compel a mental examination of Stephanie and a motion to enter corrections on the order entered by the trial court in January 2005. A trial on the merits was set on the jury docket for February 26, 2006, and Vincent filed a proposed disposition of issues prior to that date. On Stephanie's motion, the trial was continued and rescheduled for May 8, 2006. Vincent did not file a proposed disposition of issues for the May trial setting.

On May 3, the trial judge removed the case from the jury docket and scheduled a pre-trial conference for May 10. The purpose of the conference was to determine the sufficiency and timeliness of Vincent's proposed disposition of issues for the second trial setting. At the conference, the judge determined that the proposed disposition of issues submitted by Vincent prior to the first trial setting in February 2006 could also be used for a second trial setting. However, he also ruled, in accordance with an order proposed by Stephanie's counsel, that there was no evidence of a material change in the circumstances of either parent or of the child that would justify holding a hearing for modification. On May 11, Vincent filed a motion for new trial requesting the court to void the ruling of the pre-trial conference and "send this case to the Jury."

On May 16, Judge Yelenosky sent a letter to Vincent and to Stephanie's counsel that provided in relevant part:

> The proposed order presented by [Stephanie's counsel] correctly states my ruling. Upon reflection, however, I have concluded that the ruling amounts to granting a no-evidence summary judgment motion when none has been filed. Since Mr. Wrencher has requested a jury, I cannot remove a factual dispute from their consideration except upon a proper motion.

2

All that was properly before me at [the] pretrial conference was the sufficiency and timeliness of Mr. Wrencher's Proposed Disposition of Issues. I found that the Proposed Disposition filed for the first trial setting sufficed.

Since I have not signed an order, Mr. Wrencher's Motion for New Trial is moot.

On June 30, 2006, Stephanie filed a no evidence motion for summary judgment alleging that "there is no evidence of [m]aterial and substantial change in circumstances, on which [Vincent] has the burden of proof at trial."[1] Vincent presented no evidence to counter Stephanie's motion for summary judgment, and the trial court granted summary judgment in favor of Stephanie.

Vincent's issues on appeal can be grouped into the following general issues: that the trial court erred by (1) advising Stephanie to file a no evidence motion for summary judgment; (2) rendering summary judgment in favor of Stephanie; and (3) removing the case from the jury docket.

Vincent contends that the trial judge violated the code of judicial conduct by "giving advice" to Stephanie in his May 16 letter. In the letter, Judge Yelenosky addressed his ruling at the pre-trial conference that Vincent was not entitled to a modification hearing and concluded "the ruling [in the pre-trial conference] amounts to granting a no-evidence summary judgment motion when

---

[1] Section 156.101 of the Texas Family Code provides in relevant part:

The court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and:

(1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed . . . .

Tex. Fam. Code Ann. § 156.101 (West Supp. 2006).

3

none has been filed. Since Mr. Wrencher has requested a jury, I cannot remove a factual dispute from their consideration except upon a proper motion." Vincent contends that this letter advised Stephanie to file a no evidence motion for summary judgment and, therefore, violated canon 4(G) of the code of judicial conduct, which prohibits judges from practicing law except in certain situations not implicated here. *See* Tex. Code Jud. Conduct, Canon 4(G), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. B (West 2005).

Our review of the May 16 letter does not indicate that the trial judge was practicing law or giving legal advice to Stephanie in any way. Instead, the letter reflects that the judge reconsidered his ruling at the pre-trial conference to protect Vincent's request for a jury trial. His statement "I cannot remove a factual dispute from [the jury's] consideration except upon proper motion" was an accurate statement of the law, and the letter did not direct either side to take further action in the case. Thus, we conclude that the trial judge's letter to the parties did not violate the code of judicial conduct.

Vincent also contends that the trial court erred by granting summary judgment in favor of Stephanie. A party may move for summary judgment on the ground that there is "no evidence" of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless the non-movant produces summary judgment evidence that raises a genuine issue of material fact. *See id.* We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A no evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of

4

evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

Vincent asserts that his written response to Stephanie's no evidence motion for summary judgment was adequate summary judgment evidence. We disagree. Proper summary judgment proof consists of admissions, affidavits, stipulations of parties, authenticated or certified public records, deposition transcripts, and interrogatory answers. *See* Tex. R. Civ. P. 166a(c). Pleadings alone, even if sworn, are not summary judgment evidence. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). In this case, although Vincent filed a response to Stephanie's no evidence motion for summary judgment in which he listed numerous documents and records under the heading "Summary Judgment Evidence," he did not, in fact, attach to his response any of this evidence or direct the court to where it could be found in the record. Summary judgment proof must be either attached to the summary judgment motion or response, *MBank Brenham v. Barrera*, 721 S.W.2d 840, 842 (Tex. 1986), or a notice containing specific references to the material to be used is filed and served on all parties with a statement of intent to use the specified material as summary judgment evidence. *See* Tex. R. Civ. P. 166a(c). It is not the court's duty to search the record for evidence raising a fact issue. *King v. Wells Fargo Bank, N.A.*, 205 S.W.3d 731, 735 (Tex. App.—Dallas 2006, no pet.). Thus, because Vincent did not direct the court to evidence in the record raising a genuine issue of material fact, summary judgment in favor of Stephanie was proper. *See Paull v. Capital Resource Mgmt., Inc.*, 987 S.W.2d 214, 221 (Tex. App.—Austin 1999, pet. denied).

Vincent also contends that Stephanie did not present legally sufficient evidence in

support of her motion for summary judgment. However, under the rules of civil procedure, when, as here, a party moves for summary judgment on the grounds that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial, the movant does not need to produce any summary judgment evidence. *See* Tex. R. Civ. P. 166a(i). Instead, the motion must state the elements as to which there is no evidence. *See id.* In this case, Stephanie alleged in her motion for summary judgment that "[t]here is no evidence of [m]aterial and substantial change in circumstances, on which [Vincent] has the burden of proof at trial." She was not, as Vincent suggests, required by rule 166a(i) to submit evidence in support of her motion. Instead, the burden was on Vincent to present summary judgment evidence raising a fact issue as to whether there had been a material change in circumstances. *See id.* He did not produce any such evidence. Thus, the trial court properly entered summary judgment in favor of Stephanie.

Lastly, Vincent contends that "removing the case from the jury's consideration violated [his] right to a jury trial on an issue of fact." We disagree. The right to a jury trial in civil cases is not absolute. *Bliss v. NRG Indus*., 162 S.W.3d 434, 437 (Tex. App.—Dallas 2005, pet. denied). The summary judgment process provides a method of terminating a case when only questions of law are involved and when there are no genuine issues of fact. *Id.* This process will not deprive litigants of a jury trial where material questions of fact exist. *Id.* However, when no material issues of fact exist to submit to a jury, the granting of summary judgment will not violate a party's constitutional right to a jury trial. *King*, 205 S.W.3d at 734.

In this case, if Vincent had produced summary judgment evidence raising a genuine issue of material fact, the factual dispute would have been submitted to a jury in accordance with Vincent's request for a jury trial. *King Ranch, Inc.*, 118 S.W.3d at 751. However, because Vincent

6

presented no evidence in response to Stephanie's no evidence motion for summary judgment, the case was properly terminated by the summary judgment process. *See* Tex. R. Civ. P. 166a(i); *Bliss*, 162 S.W.3d at 437. In other words, there were no issues of material fact to submit to the jury. Thus, removing the case from the jury docket was proper and did not violate Vincent's constitutional right to a jury trial. *See King*, 205 S.W.3d at 734.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: May 16, 2007