# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-10-00392-CV

---

**Yan Jin, Appellant**

**v.**

**PNC Bank, Appellee**

---

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-08-009690, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Yan Jin, appearing pro se, appeals from the trial court's order granting summary judgment in favor of appellee PNC Bank in its suit against him for breach of contract and guarantor liability based on a promissory note. We affirm the trial court's order.

## BACKGROUND

The underlying facts are undisputed. In June 2004, Li Jin Home Improvement Consultants, LLC ("Li Jin Consultants") entered into a promissory note with PNC Bank, obtaining a loan of $55,000 secured by an open-end mortgage on certain residential property located in Pennsylvania. Yan Jin signed the loan documents as an individual guarantor. The mortgage document provided that PNC Bank was entitled to obtain a deficiency judgment in the event of default, further stating that "[n]othing under this Mortgage or otherwise shall be construed so as to limit or restrict the rights and remedies available to Lender following an Event of Default, or in any

way to limit or restrict the rights and ability of Lender to proceed directly against Grantor." The loan documents defined "Grantor" to include both Li Jin Consultants and Yan Jin.

Li Jin Consultants ultimately defaulted on the promissory note, and PNC Bank filed suit to recover the delinquent balance from Li Jin Consultants and Yan Jin individually. Yan Jin filed a pro se answer, purportedly on behalf of both himself and Li Jin Consultants. PNC Bank moved for summary judgment, and at the summary-judgment hearing, the trial court explained to Yan Jin that he could represent himself pro se, but could not appear on behalf of the corporate entity of Li Jin Consultants.[1] After the hearing, the trial court issued an order granting summary judgment in favor of PNC Bank. This appeal followed.

## STANDARD OF REVIEW

Summary judgments are reviewed de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a motion for summary judgment, the movant must show that there is no issue of material fact and that it is entitled to judgment as a matter of law. *TX Far West, Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.). Evidence favorable to the non-movant is taken as true and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

---

[1] For that same reason, Yan Jin's pro se notice of appeal, in which he purports to appeal on behalf of both himself and Li Jin Consultants, is only effective to perfect appeal as to Yan Jin individually. *See Simmons, Jannace & Staff, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833, 833 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that corporations and partnerships, as fictional legal persons, cannot represent themselves); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 79 (Tex. App.—Texarkana 2008, pet. denied) ("[A] nonattorney may not appear pro se on behalf of a corporation."). As a result, Li Jin Consultants is not a party to this appeal.

**DISCUSSION**

On appeal, Yan Jin raises seven points of error. First, he argues that the trial court violated his constitutional rights by denying his request for a jury trial. The right to a jury trial in civil cases is not absolute, as the summary-judgment process allows cases to be resolved without a jury trial when no genuine issues of fact exist. *Bliss v. NRG Indus.*, 162 S.W.3d 434, 437 (Tex. App.—Dallas 2005, pet. denied). When no material issues of fact exist, there is nothing to submit to a jury, and resolution of the case by summary judgment does not violate the constitutional right to a jury trial. *Id.* In his response to PNC Bank's motion for summary judgment, Yan Jin raised no material issues of fact regarding PNC Bank's entitlement to judgment as a matter of law. Furthermore, Yan Jin does not identify any material issues of fact on appeal that would have precluded summary judgment. Thus, the trial court did not violate Yan Jin's constitutional rights by granting summary judgment. Yan Jin's first issue is overruled.

In Yan Jin's second issue on appeal, he argues that the trial court erred in declining to provide him with legal assistance, presumably in the form of an appointed attorney. With some exceptions not relevant here, there is no right to appointed counsel in civil cases. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). While counsel *may* be appointed for indigent parties in civil cases, such decisions are left up to the discretion of the trial court. *See* Tex. Gov't Code Ann. § 26.049 (West 2004). In this breach-of-contract case, Yan Jin points to no exceptional circumstances that might compel the appointment of counsel. As a result, we cannot conclude that the trial court abused its discretion in declining to appoint counsel. *See Gibson*, 102 S.W.3d at 712

3

(holding that trial court did not abuse its discretion in failing to appoint counsel where civil case did not involve exceptional circumstances). Yan Jin's second issue on appeal is overruled.

In a third issue, Yan Jin argues that the trial court erred in allowing PNC Bank to "skip the step of property foreclosure." Yan Jin takes the position that PNC Bank should have been required to satisfy the deficiency by first foreclosing on the real property before pursuing a deficiency judgment against him. However, the loan documents give PNC Bank the right to seek a deficiency judgment, and the commercial guaranty signed by Yan Jin expressly states that Yan Jin, as guarantor, "waives any right to require Lender . . . to proceed directly against or exhaust any collateral held by Lender from Borrower, any other guarantor, or any other person." Based on the plain language of the loan documents, Yan Jin waived the right to require PNC Bank to seek foreclosure of the real property before seeking a deficiency judgment. As a result, we cannot conclude that PNC Bank's failure to seek foreclosure of the real property precluded summary judgment in its favor. We overrule Yan Jin's third issue on appeal.

In his fourth and fifth issues on appeal, Yan Jin argues that the trial court erred in denying his requests "to investigate the predatory lending behavior of PNC Bank" and "for more fact discovery effort." These complaints can be combined into a single complaint that the trial court granted summary judgment without allowing adequate time for discovery. PNC Bank's motion for summary judgment was filed March 29, 2010, more than six months after the case was filed. Yan Jin filed his response on April 21, 2010, and a hearing was held on May 28, 2010. The rules of civil procedure require only 21 days' notice to the non-movant before a summary-judgment hearing. Tex. R. Civ. P. 166a(c). Further, there is no indication in the record that Yan Jin filed an affidavit

explaining the need for further discovery or a verified motion for continuance. *See Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996) ("When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance."); *see also* Tex. R. Civ. P. 166a(g). Under the circumstances, we cannot conclude that the trial court erred in granting summary judgment without allowing Yan Jin to conduct additional discovery. We overrule Yan Jin's fourth and fifth issues on appeal.

In Yan Jin's sixth issue on appeal, he argues that the trial court granted summary judgment based on invalid loan documents presented by PNC Bank. Specifically, Yan Jin asserts that the commercial guarantee document attached to PNC Bank's original petition pertains to a loan that was paid off in 2004, rather than the loan at issue in this case. This issue was never raised in the trial court and therefore cannot be used as a basis for reversing summary judgment on appeal. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). We note also that the record does not support Yan Jin's contention, as the loan number listed on the commercial guarantee document is the same loan number listed on the $55,000 promissory note at issue. Yan Jin's sixth issue is overruled.

In his seventh and final issue, Yan Jin contends that the trial court erred in allowing PNC Bank to "bypass the Fair Debt Collection Practices Act." Because Yan Jin did not raise this contention in the trial court, it cannot serve as a basis for reversing the summary judgment. *See id.* Furthermore, because Yan Jin provides no supporting arguments, authorities, or citations to the

record, this argument is waived as inadequately briefed.  *See* Tex. R. App. P. 38.1(i) (appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and to record); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel.").  We overrule Yan Jin's seventh issue on appeal.

Having disposed of all of Yan Jin's issues on appeal, we affirm the trial court's order granting summary judgment in favor of PNC Bank.

## CONCLUSION

We affirm the trial court's order granting summary judgment.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   March 9, 2011

6