Opinion issued December 7, 2006









 







In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00216-CV

 __________


TOM J. TRAMMELL, Appellant


V.


FROST NATIONAL BANK, Appellee






On Appeal from the 295th District Court

Harris County, Texas

Trial Court Cause No. 2004-34356






MEMORANDUM OPINION

 The entirety of Tom Trammell's brief under the heading "STATEMENT OF
FACTS AND ARGUMENT" is as follows:

 Tom Trammel was willing to try and work with the bank prior to the
hiring of Chernosky Smith et. al. Once the law firm was hired there was
no willingness by the law firm to try and amicably resolve the situation.


 Chernosky, Smith et. al.'s representation of Frost National Bank is a
conflict and violates the Texas Disciplinary and Ethical Standards. The
Plaintiff Counsel's long term relationship with Tom Trammell on
personal and business transactions, as well as being co-defendants on
another suit clearly tainted the law firm's ability to negotiate this
transaction in good faith.


 When the court granted summary judgment to the Plaintiff, it also
granted attorneys fees which represent 34% of the balance of the note. 
That is an unreasonable amount based on the type of case and the
amount of work actually performed by the attorney. 


Inadequate Briefing


 Texas Rule of Appellate Procedure 38.1(h) requires appellate briefs to "contain
a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record." Tex. R. App. P. 38.1(h). Issues on appeal are waived
if an appellant fails to support his contention by citations to appropriate authority or
cites only to a single non-controlling case. We are "to construe the Rules of
Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by
imposing requirements not absolutely necessary to effect the purpose of a rule." 
Republic Underwriters Ins. Co. v. Mex-Tex. Inc., 150 S.W.3d 423, 427 (Tex. 2004)
(quoting Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997)). A brief is
sufficient and does not waive an issue if it "contains all points of error relied upon,
argument and authorities under each point of error, and all facts relied upon for the
appeal with references to the pages in the record where those facts can be found ." 
City of Arlington v. State Farm Lloyds, 145 S.W.3d 165, 167 (Tex. 2004) (quoting
Weaver v. Sw. Nat'l Bank, 813 S.W.2d 481, 482 (Tex. 1991)). However, a brief that
does not contain citations to appropriate authorities and to the record for a given issue
waives that issue. Abdelnour v. Mid Nat'l Holdings, Inc., 190 S.W.3d 237, 241 (Tex.
App.--Houston [1st Dist.] 2006, no pet.) (because brief provided "no citation to the
record, nor any discussion of relevant or analogous authorities to assist the Court in
evaluating its claims," appellant waived point of error); see also San Saba Energy,
L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.--Houston [14th Dist.] 2005, no
pet.) (stating that, despite liberal interpretation of Rules of Appellate Procedure,
"parties asserting error on appeal still must put forth some specific argument and
analysis showing that the record and the law supports [sic] their contentions").
 Trammell's brief contains no citations to the clerk's record, makes no effort to
reference evidence in the record to support its position on appeal, and, in fact, offers
no specific issues on appeal. Trammell's brief is not sufficiently developed because
it provides no argument or authority to show why the actions of the trial court were
erroneous. Tex. R. App. P. 38.1. He has not cited authorities for his contentions. See
Tex. R. App. P. 38.1(h). A party asserting error on appeal bears the burden of
showing that the record supports the contention raised and of specifying the place in
the record where matters upon which it relies or of which it complains are shown. 
Sisters of Charity of Incarnate Word, Houston, Tex. v. Gobert, 992 S.W.2d 25, 31
(Tex. App.--Houston [1st Dist.] 1997, no pet.). Where this burden is not carried, the
party waives the point of error. Id. 

 We hold Trammell has waived any error.

Conclusion


 We affirm the trial court's judgment.


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Jennings, Hanks, and Higley.